[No. 11954. Department Two. — June 14, 1889.]

EMILY TAYLOR, RESPONDENT, v. R. H. OPPER-MAN, ADMINISTRATOR, APPELLANT.

HUSBAND AND WIFE — COMMUNITY PROPERTY — DEED FROM HUSBAND TO WIFE — PRESUMPTION. — When a husband makes a deed of community property to his wife, to have and to hold to her separate use, the *prima facie* presumption arising from the deed is, that it was intended to change the character of the property from community property to the separate property of the wife, and a subsequent sale by the husband to a third person cannot rebut this presumption. The deed to the wife is effectual as against a subsequent purchaser from the husband.

ID. — QUITCLAIM DEED. — Quitclaim deeds are as effectual to pass whatever title the grantor has as any other deeds; and a quitclaim deed of community property from the husband to the wife is effective to pass to her his interest in the community property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*A. D. Splivalo*, for Appellant.

*J. C. Bates*, for Respondent.

BELCHER, C. C. — The facts involved in this case are as follows: In February, 1858, the then owner of certain real property in the city of San Francisco conveyed the same to Patrick Fay and Anne Fay, his wife, for the expressed consideration of $1,250. In January, 1864, the husband executed to the wife a quitclaim deed of the same property, and the deed contained this clause: "To have and to hold to her sole use, all and singular, the above-mentioned and described premises, together with the appurtenances, unto the said party of the second part, her heirs and assigns, forever." The consideration expressed in the deed, and acknowledged to have been received by the party of the first part from the party of the second part, was five hundred dollars. The parties

lived together on the premises from the time of their purchase, in 1858, until December, 1870, when the wife, Anne Fay, died intestate, leaving her surviving her husband and four children, of whom the plaintiff, Emily Taylor, then five years of age, was one. Five months later, in May, 1871, Patrick Fay conveyed the premises to Christian Opperman by a grant, bargain, and sale deed, which expressed a consideration of two thousand two hundred dollars. There was never any administration upon the estate of Anne Fay.

In September, 1885, the plaintiffs, Emily Taylor and her husband, commenced this action against Christian Opperman, who has since died, to recover an undivided one-sixth part of the property, with rents and profits. The complaint alleged that the said Emily acquired title to the demanded interest by descent from her mother, and was the owner and entitled to the possession thereof. The answer denied her ownership, and set up the statute of limitations. The court gave judgment according to the prayer of the complaint, from which and from an order denying a new trial the defendant has appealed.

No point is made for appellant on the statute of limitations, and it seems, therefore, to be conceded, as we think it must be, that the court properly found that the action was not barred.

It is claimed, and this is the only point made, that, under our laws, all property conveyed to husband or wife after their marriage is presumed to be community property, and that this is so whether the property be conveyed by one of the spouses to the other, or by a third party to one or both of them. And it is said that the property in question, on being conveyed to Patrick and Anne Fay, in 1858, became their community property, and that the subsequent deed from him to her, in the absence of proof that it was intended as a gift, or that the consideration therefor was paid by her out of money belonging to her separate estate, did not change the character

of the property, or affect it in any respect. Attention is also called to the fact that the deed was a quitclaim; but there is nothing in that. Quitclaim deeds are as effectual to pass whatever title the grantor has as any other deeds. (*Graff* v. *Middleton,* 43 Cal. 341; *Frey* v. *Clifford,* 44 Cal. 343; *Rego* v. *Van Pelt,* 65 Cal. 254.)

If appellant is right in his contention as to the deed of January, 1864, then the making of the deed was a perfectly idle and useless ceremony. It is true, as claimed, that when a stranger conveys property to a husband or wife the property is presumed to be community property; but the question is, Does the same presumption arise when the husband conveys to his wife?

A very similar case to this was once before the supreme court of Texas, where the law in relation to the property rights of husband and wife is almost the same as ours. In that case two lots of land were conveyed to John Farrell and his wife, and were community property. Subsequently, Farrell executed a deed of the lots to his wife. The deed expressed a consideration of one hundred dollars, but no consideration was in fact paid. Afterward, the wife died, leaving one child, who was the plaintiff in the action; and after the wife's death, the husband sold and deeded the lots to the defendant in the action. The action was brought to determine the plaintiff's title and recover the lots. The court said: " It is not questioned that, under our law, the husband may make a gift or grant of property to his wife by conveyance to her directly, without the intervention of trustees. It has been so held in repeated decisions. . . . . In the absence of any evidence of intention outside of the deed, it must be taken as evidencing the intentention which, upon its face, it imports; that is, to convey to the wife the estate of the husband in the property. It must have been intended to have some operation upon the estate of the grantor; and that must be taken to

have been to change the estate from community into separate property of the wife, in the absence of evidence of any other or different purpose in the making of the conveyance. To deny it, that effect would be to render the deed wholly inoperative and void. The grantor could have made an effectual conveyance to a stranger of the whole estate; and it is not perceived that there is any legal impediment to his conveying to his wife his interest, thereby investing her with the whole estate. . . . . There can be, in this case, no presumption, as in the case of a purchase from a stranger in the name of the wife, that funds of the community were employed in making the purchase, and, therefore, it is community property. But the conveyance being of community property of the parties between whom the conveyance is made, *prima facie* the presumption must be that it was intended to change its character from community to the separate property of the wife. The subsequent sale of the property by the husband cannot be deemed sufficient to rebut this presumption." (*Story* v. *Marshall*, 24 Tex. 303; 76 Am. Dec. 106.)

And in Platt on Property Rights of Married Women, section 34, the law is thus stated: "The *prima facie* presumption arising from a deed of the husband to the wife of community real property is, that it was intended to change its character from community property to the separate property of the wife, and that the deed is effectual against a subsequent purchaser."

In *Burkett* v. *Burkett*, 78 Cal. 310, it was held by this court that a declaration of homestead by a husband on his separate property vests a joint title thereto in himself and wife, and a subsequent conveyance of the property by him to his wife is valid, and passes a complete title to the wife, subject to the homestead.

We think the law correctly declared in the Texas case above cited, and that the same rule should be applied here.

We therefore advise that the judgment and order appealed from be affirmed.

FOOTE, C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.