[S. F. No. 2679.   Department Two.—July 13, 1903.]

JAMES C. WAGONER and JOSEPHINE H. WAGONER, Appellants, v. JOHN SILVA, Respondent.

TRESPASS—ADMISSION OF PLEADINGS—UNSUPPORTED FINDING.—In an action for damages for an alleged trespass, a denial in the answer that the trespass was knowingly and willfully committed, admits the trespass, and a finding to the contrary is unsupported.

ID.—COTENANCY—HUSBAND AND WIFE—SETTLEMENT WITH HUSBAND.— A husband and wife may acquire property in cotenancy, and when they join as co-plaintiffs to recover damages for a trespass thereon, a settlement of damages made by the husband, without the knowledge, consent, or acquiescence of the wife, binds only his interest as a cotenant, and is not binding upon the wife's interest.

ID.—SEPARATE PROPERTY OF WIFE—AUTHORITY OF HUSBAND NOT PRESUMED.—The authority of the husband to manage, control, or represent the separate property of the wife is not presumed from the mere fact of the married relation.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Charles B. Younger, Jr., for Appellants.

Martin & Gardner, for Respondent.

CHIPMAN, C.—This is an action for damages alleged to have been caused by the unlawful and wrongful entry of defendant on plaintiffs' land and cutting the timber growing thereon and converting the same to defendant's use. Treble damages were claimed, under section 3346 of the Civil Code. The answer denies the wrongful cutting or conversion, but alleges that to a certain extent defendant did, in ignorance of the location of plaintiffs' lines, cut down certain trees for cord-wood and shingle-bolts; that prior to removing the same from plaintiffs' land defendant and one John M. Swinford, acting as agent of plaintiffs, agreed upon the amount of the damage, and defendant paid the same to said Swinford, in full discharge of any and all liability by reason of said alleged trespass. The cause was tried by the court without a jury, and defendant had the judgment. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial. It is alleged in the complaint, and admitted by the answer, and found by the court, that plaintiffs are now, and were prior to the alleged trespass, cotenants of the land —each owning an undivided one-half interest therein. Such a cotenancy may exist. (Civ. Code, sec. 161.) It was found by the court that the facts alleged in paragraphs III and IV of the complaint are untrue, and that plaintiffs have not been damaged in any sum by defendant, ''save and except those admitted by the defendant in his answer, and for which said damages said plaintiffs had been, and were, prior to the commencement of this action, fully compensated, and that said defendant had been fully discharged therefrom.'' These findings are challenged as unsupported by the evidence. The answer admitted and the evidence clearly established the trespass. The denial was only that it was knowingly and willfully committed. This admission was sufficient to show that the trespass was wrongful and unlawful, and the finding to the contrary was unsupported. It was also alleged that the growing trees and timber constituted a large part of the value of said real property, and that by cutting down such trees the premises were materially depreciated in value,—

to wit, in the sum of three hundred and fifty dollars. The evidence was uncontradicted that the property was injured and its value materially lessened, although the extent of the damage was shown by evidence to be not so great as alleged. The finding of the court was too broad, and not fully justified by the evidence. The court, however, found that the damage, whatever it was, was fully compensated; and if this finding is justified, no injury resulted from the unsupported findings above noted. Witness Swinford testified that he was the agent of plaintiff James C. Wagoner for the sale of the land to defendant after the trespass was committed, and that defendant agreed verbally to purchase the land for four hundred and twenty-five dollars, and paid him fifty dollars on account of the purchase, which he paid over to Mr. Wagoner, less ten dollars commission. But the damage to the land was not settled for by this agreement. In this he was corroborated by Mr. Wagoner. The evidence of defendant was, that this fifty dollars was paid by him to Swinford in settlement of the damage, and that he made no agreement whatever to purchase the land. The court accepted this latter evidence as against that of Swinford and plaintiff James C. Wagoner, and on this point the finding cannot be disturbed, and, as already intimated, it renders harmless the unsupported findings above referred to. There is, however, nowhere to be found in the record any evidence that plaintiff Josephine H. Wagoner was taken into account by any of the parties to the transaction, so far as the damage and payment therefor were concerned. There is no evidence that she was consulted or spoken to by any one, or was represented by any one, in any of the negotiations as to the damage, or received any money paid by defendant, or consented to or acquiesced in any payment made by him, or in anything done by her husband or by Swinford or by defendant, or had any knowledge of what they or either of them had done in respect of any payment for the damage. Swinford testified that he was the agent for the sale of the property, and he testified that, in accordance with the agreement to sell the land to Silva, he tendered a deed to him signed by both plaintiffs. Respondent claims that this "shows conclusively that she was a party to the agency of Swinford,

CXXXIX. Cal.—36

and cognizant of the various transactions; and such agency was thereby ratified by her executing and tendering said deed jointly with her husband.'' The deed tended to show Swinford's agency to make the sale of the land, but no more; it did not show that Mrs. Wagoner had any knowledge of the alleged previous settlement and payment for the damage, which transaction was with Mr. Wagoner alone, of which she had no knowledge, so far as appears. She was a cotenant, and, although the wife of her co-plaintiff, had the same rights as any other cotenant. Under section 384 of the Code of Civil Procedure, the husband and wife could jointly bring the action as tenants in common. Defendant could show a settlement with one or both, or with one for both, but he could not avoid liability to one tenant in common by showing payment to the other without the knowledge or consent or subsequent acquiescence of that other. In *Pearis* v. *Covillaud,* 6 Cal. 617,[1] the plaintiff filed his bill for specific performance against Covillaud and others, on a contract to convey to him certain lots. He made part payment and gave his note for the balance. After the execution of the contract, certain defendants became interested in the lots, as tenants in common, without notice of the contract. At the maturity of the note, and on occasions subsequent thereto, one of the defendants tendered plaintiff a deed, executed in compliance with the contract by all the contracting parties therefor, and demanded payment of the note, which was refused on each occasion, and plaintiff declared his inability to pay. Sometime afterwards plaintiff tendered the money due on the note to one of the defendants and demanded a deed, which was refused; on the same day plaintiff made the same tender and demand to another defendant, Covillaud, who received the money and gave a receipt therefor, adding: ''And said Pearis is, therefore, entitled to the deed of the above lots and to a return of his note.'' The court said: ''From what appears in the record, the defendants were tenants in common, and not partners, and, therefore, not bound by the act of Covillaud in accepting the balance of the purchase money. So far as Covillaud was concerned, he might bind his own interest in the land, and if the defendants had been partners, they would have been

---

[1] 65 Am. Dec. 543.

equally bound by the rule that one partner is the agent for the whole firm, and may, in such capacity, bind them by his acts; but in case of lands or a chattel held by several cotenants, the rule is different.'' It was said in *Corning* v. *Troy Iron and Nail Factory,* 39 Barb. 311 (at p. 325): ''The rights of tenants in common are distinct and not identical, and the acts or admissions of one are not, by virtue of that relation, the acts or admissions of the others.'' (Citing *Dan* v. *Brown,* 4 Cow. 483.[1]) The husband cannot be presumed to have been the agent of his wife in the management of her separate property from the mere fact of the married relation. Less evidence might establish the agency of the husband in a case like this than would show an agency between ordinary cotenants not thus related, but something more than the mere marriage relation must appear. Formerly our statute gave to the husband the management and control of the wife's separate property (act of April 17, 1850); but under the present law his control is of the community property. (Civ. Code, sec. 172.) The questions raised by the assignment of errors as to the admission of evidence in proof of the agency of Swinford may not again arise. So far as concerns Mr. Wagoner, the court found on sufficient evidence that he accepted the money in payment of the damage, and it is immaterial whether Swinford was his agent or not. We think it was not error for the court to allow proof of the value of redwood stumpage situated on land such as this was. It was an aid in determining the damage. The evidence tended to show that the part of the land from which the wood was cut had no value, except for its timber growing thereon. The third finding is based upon the fact that either Swinford or Mr. Wagoner was agent for Mrs. Wagoner, and it is found that she was fully compensated. The evidence is insufficient to support this finding. The judgment ''in favor of defendant and against the plaintiffs,'' and that ''the defendant do have and recover'' from plaintiffs ''his costs,'' etc., is not supported by the evidence.

It is advised that the judgment and order appealed from be reversed.

Gray, C., and Haynes, C., concurred.

---

[1] 15 Am. Dec. 395.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., Lorigan, J., McFarland, J.