[Sac. No. 1109.   Department Two.—June 21, 1904.]

## GEORGE C. ALFERITZ and SUZANNE ALFERITZ, Executors, etc., Appellants, v. MARTIN ARRIVILLAGA et al., Defendants; JOHN MENJOULET, Respondent.

CONVEYANCE TO MARRIED WOMAN — PRESUMPTION OF SEPARATE PROPERTY—BURDEN OF PROOF.—Under section 164 of the Civil Code, as amended, a conveyance of property made to a married woman in an instrument in writing, is presumed to vest the title in her as her separate property; and the burden of proof is upon those claiming under a mortgage by the husband, without the wife's signature, to show by sufficient evidence to sustain a finding that the lands so conveyed to the wife were community property; and in the absence of such sufficient evidence the presumption of separate property must prevail.

ID.—ALL PRESUMPTIONS IN FAVOR OF WIFE.—All presumptions are in favor of conveyances to the wife. They are presumed to have been for a consideration paid by the wife, or, if paid by the husband, it is presumed that the property was intended as a gift-by him to the wife as her separate property; and the law will not allow idle presumptions to be indulged in as against a deed executed and delivered to the wife and recorded in her name.

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion.

Lyman L. Mowry, for Appellants.

F. W. Henderson, for Respondent.

COOPER, C.—Action to quiet title. At the close of plaintiffs' testimony the court, on motion of respondent, granted a nonsuit. Judgment was accordingly entered for respondent. This appeal is from the judgment for the purpose of reviewing the order granting the nonsuit. The complaint sought to have plaintiffs' title, as executors, quieted to the lands therein described consisting of several thousand acres. The answer of respondent disclaimed any interest or claim to any portion of the land described in the complaint, except three hundred and twenty acres, which respondent alleged belonged to him in fee simple. The controversy is as to this three hundred and twenty acres. Martin Arrivillaga and Francisca Arrivillaga were at all times set forth in the pleading husband and wife. The plaintiffs claim title through a sheriff's deed upon foreclosure proceedings, to foreclose a mortgage executed by the husband to plaintiffs' testate upon all the lands described in the complaint.

The respondent claims title to the three hundred and twenty acres by virtue of a deed executed and delivered to him for a valuable consideration by the wife. The record title to the three hundred and twenty acres was never in the husband, and no such claim is made; but appellants claim that it was community property and passed by the mortgage and the subsequent foreclosure proceedings to the deceased. The wife's title came through two deeds for one hundred and sixty acres each; the first being made July 9, 1891, by Lulu Ashcroft; the second being made August 15, 1891, by Francisca Sanchez. These deeds were both ordinary grant, bargain, and sale deeds, and each recited a consideration of ten dollars. Section 164 of the Civil Code, which was in force at the time these deeds were made to the wife, provides that "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." A presumption is a deduction which the law expressly directs to be made from certain facts, and unless controverted the finding must be according to the presumption. (Code Civ. Proc., secs. 1959,

1961.) The deeds were made to the wife long before the husband executed the mortgage to the deceased. By reason of the deeds the wife became presumptively the owner of the lands therein described as her separate property. It was therefore incumbent on plaintiffs to overthrow this presumption by sufficient and proper evidence. The burden was upon plaintiffs to show by sufficient evidence that the lands so conveyed to the wife were community property. This evidence must have been sufficient to justify the court in finding as a fact that the lands were community property. The trial court after hearing the evidence concluded that it was insufficient and granted the nonsuit.

We have carefully examined the evidence and conclude that the nonsuit was properly granted.

The appellants attempted to show that the lands in contest were paid for out of community funds, and offered some evidence tending to show such facts. The substance of the evidence is, that about the first of July, 1891, Martin Arrivillaga wrote to Dellepiane & Co., with whom he was doing business, and of whom deceased was a member, requesting that eleven hundred dollars be sent to him at Stockton "to pay for five filings," inclosing in the letter five printed notices of intention to make final proof in the land office at Stockton, two of the notices being the notices of Ashcroft and Sanchez respectively, and describing the land here in contest.

The eleven hundred dollars was sent to Martin Arrivillaga as requested, who afterwards sent to Dellepiane & Co. five separate deeds from the five parties who had made final proof in the land office, two of the deeds being the deeds to the wife of the lands in contest. Dellepiane & Co. afterwards recorded the deeds, always kept possession of them, in due time procured and recorded the patents to the lands, and have always kept possession of the patents.

The above is in substance all the evidence as to the consideration for the two conveyances to Francisca Arrivillaga. It does not appear whether in fact any of the eleven hundred dollars was paid to the grantors of the lands in contest. It does not appear how much was paid for the two claims conveyed to the wife, nor how much was paid for either of them. The purchase price is not mentioned. It may be that the eleven hundred dollars was all paid to the parties who made

final proof on the three other claims. It may be that the conveyances were made to the wife in payment of a debt due her from her husband. He may have intended the property to be a gift to her. He certainly had and intended to have the deeds made to her. A deed of conveyance is not merely evidence of a gift or other grant. It is the gift or grant itself, and *ipso facto* operates to transfer or convey the title of the property described to the grantee. (Civ. Code, sec. 1053; *Shanahan* v. *Crampton,* 92 Cal. 13; *Hamilton* v. *Hubbard,* 134 Cal. 605.)

In this state a husband may make a deed, whether of his own or community property, to his wife, and in such case it is well settled that in the absence of evidence of a contrary intent the deed will vest in her the land conveyed as her separate property. (Civ. Code, sec. 158; *Burkett* v. *Burkett,* 78 Cal. 312;[1] *Taylor* v. *Opperman,* 79 Cal. 471; *Carter* v. *McQuade,* 83 Cal. 274; *Ions* v. *Harbison,* 112 Cal. 266; *Tillaux* v. *Tillaux,* 115 Cal. 672; *Hamilton* v. *Hubbard,* 134 Cal. 605.) And the same principal applies where the deed is made by a third party to the wife at the husband's request. (*Hamilton* v. *Hubbard,* 134 Cal. 605, and cases cited.)

Here all presumptions are in favor of the conveyances to the wife. They are presumed to have been made for a consideration paid by the wife, or, if we concede that the consideration was paid by the husband, it will be presumed that the property was intended as a gift to the wife as her separate property. The law will not allow idle presumptions to be indulged in as against a deed delivered and recorded. Facts must be proven from which it is clearly made to appear that the property, in such case, is community property, or the deed will be given effect according to its terms. Here sufficient facts to show that the property was community property were not proven. Neither the husband nor the wife was called as a witness. The land had stood in the wife's name for more than two years before the mortgage was executed by the husband. It so stood of record at the time of the execution of the mortgage, and yet the wife's signature was not obtained thereto.

If the views above expressed are correct it becomes unnecessary to decide the question as to whether or not the

---

[1] 12 Am. St. Rep. 58.

plaintiff can maintain an action to quiet title as against one holding the legal title.

We advise that the judgment be affirmed.

Harrison, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.