[Civ. No. 1190. First Appellate District.—April 5, 1913.]

## RAUER'S LAW AND COLLECTION COMPANY, Respondent, v. FRANCES C. BERTHIAUME et al., Appellants.

HUSBAND AND WIFE—ACTION AGAINST BY ARCHITECT—WIFE'S LIABILITY.—In this action against a husband and wife by an architect for services in preparing plans, at the request of the husband, for a building to be constructed upon the wife's land, the evidence justifies the finding that the services were rendered at her special request pursuant to an agreement made by her husband as her agent, or that she ratified her husband's acts. The plaintiff is therefore not entitled to a judgment against the husband, but can hold the wife liable.

ID.—SEPARATE PROPERTY OF WIFE—CONVEYANCE TO HER.—Where a conveyance of separate property is made to a woman directly by her husband, or by a third person at his direction, the property becomes her separate estate.

ID.—AGENCY OF HUSBAND FOR WIFE—EVIDENCE TO SHOW.—While the authority of a husband to represent his wife in the management of her separate property is never presumed merely from the existence of the marriage relation, such authority may be established by circumstantial evidence; and as between husband and wife much less evidence is needed to establish the fact of agency of one for the other than is ordinarily required.

ID.—APPEAL—REHEARING IN SUPREME COURT.—In cases directly appealable to the district court of appeal, the supreme court, in determining whether a hearing shall be had therein after decision by the district court of appeal, will not consider any alleged fact not fairly shown on the face of the opinion of the district court of appeal. The supreme court accepts such opinion as correctly showing the facts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. H. D. Burroughs, Judge presiding.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellants.

Wm. Tomsky, and John G. Jury, for Respondent.

LENNON, P. J.—This is an appeal from a judgment and from an order denying a new trial upon the judgment-roll and a statement of the case.

The defendants in this action are husband and wife. Plaintiff's first cause of action is founded upon the allegation that the defendants became indebted to the firm of Stone & Smith for services rendered at their special instance and request of the value of $595.

Plaintiff's second cause of action alleged the indebtedness of the defendants to Carmichael, Bray & Co., a corporation, in the sum of $139.50 for goods sold and delivered to the defendants at their special instance and request.

Prior to the commencement of the action these claims were assigned to plaintiff.

The answer of the defendants denied all of the material allegations of the plaintiff's complaint, and by way of counterclaim alleged that the firm of Stone & Smith was indebted to them in the sum of five hundred dollars for goods sold and delivered.

Judgment was rendered and entered against the defendants for the sum of $387.75 upon findings of fact which, among other things, declared that the defendants became indebted to the partnership firm of Stone & Smith in the sum of four hundred dollars for services rendered as architects, at the special instance and request of the defendants, in preparing plans and specifications for use in the construction of a building upon a lot of land which it was claimed was owned by the defendant Frances C. Berthiaume.

Upon the second cause of action the trial court found fully in favor of the defendants, but upon the issue raised by the counterclaim the finding was to the effect that the firm of Stone & Smith was indebted to the defendants in the sum of $12.50 and no more, which, when deducted from the sum found due under the first cause of action, left the sum of $387.75 due from and unpaid by the defendants.

Upon behalf of the defendant Frances C. Berthiaume it is contended that the evidence does not justify the finding that the services sued for were rendered at her special instance and request. It is further insisted that the evidence fails to show that she had any interest in the construction of the building, or in the lot upon which it was partially erected, sufficient to

make her liable for the payment of the claim here sued upon.

The evidence adduced at the trial shows that the services sued for consisted of preparing plans and specifications at the request of the defendant H. N. Berthiaume, to be used and which were used in the construction of a building upon a lot of land the record title of which stood in the sole name of the defendant Frances C. Berthiaume. This lot of land—so the defendants testified—was purchased with money which the defendant H. N. Berthiaume had acquired previous to his marriage. The deed to the lot, however, was executed to and in the name of Frances C. Berthiaume at the request of her husband, and she at all times thereafter was ostensibly the sole owner thereof. When called and sworn as a witness upon behalf of the plaintiff her answers to questions, intended to uncover the true ownership of the land, were so palpably evasive as to amount to an admission of ownership in her. However, she did not deny that she was the owner of the land nor did she claim that she held it in trust, nor otherwise than in fee simple absolute. She never at any time claimed nor did she testify that her husband, in his dealings with plaintiff's assignor, was acting independently for himself, or without her knowledge and consent; and it may be fairly inferred from the evidence upon the whole case that she at all times had knowledge of the fact that plaintiff's assignor had rendered the services sued for and that the building mentioned was being constructed in accordance with the plans and specifications prepared by plaintiff's assignor. Some time after the construction of the building had been commenced and was partially completed in accordance with the plans and specifications as originally prepared and subsequently modified, plaintiff's assignor stated and delivered to the defendant Frances C. Berthiaume in person an itemized account, aggregating the sum of four hundred dollars, for the services rendered. She did not dispute this bill nor repudiate her liability for the payment thereof. The bill was not paid however, and later plaintiff's assignor rendered to her in person a second statement of account, showing generally that the sum of four hundred dollars was due to plaintiff's assignor "as per bill rendered." This second bill was never disputed nor repudiated by her. Incidentally it appears that at one time during the period of several months that plaintiff's assignor was en-

deavoring to collect this bill, she declared that "it was a shame that the bill had not been paid, and that they (the defendants) intended to pay it first when insurance moneys were received." On one occasion when presented with the bill she claimed a credit for certain material appropriated by plaintiff's assignors. On that occasion she asked "What shall we do about the lumber?" and when this credit was satisfactorily adjusted she declared that "she was very anxious that the bill should be settled."

The admitted fact that the record title to the land was in the defendant Frances C. Berthiaume at the time the plans were prepared and the construction of the building commenced, coupled with the other facts of the case, refute her contention, and sufficiently support the findings upon which the judgment against her was rendered.

Section 164 of the Civil Code as amended in 1889 [Stats. 1889, p. 328], provides that "whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property"; and it was always the law of this state that if a husband conveyed his separate property to his wife such conveyance, in the absence of evidence of a contrary intent, vested in her the separate title and estate in the land so conveyed. (Civ. Code, sec. 158; *Burkett* v. *Burkett,* 78 Cal. 310, [12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 715]; *Taylor* v. *Opperman,* 79 Cal. 468, [21 Pac. 869]; *Carter* v. *McQuade,* 83 Cal. 274, [23 Pac. 348]; *Ions* v. *Harbison,* 112 Cal. 260, [44 Pac. 572]; *Tillaux* v. *Tillaux,* 115 Cal. 663, [47 Pac. 691]; *Hamilton* v. *Hubbard,* 134 Cal. 603, [65 Pac. 321, 66 Pac. 860].) This is so at the present time regardless of the presumption provided by section 164 of the Civil Code, in all cases where a conveyance of separate property is made to the wife directly by the husband, or, as was done in the present case, by a third party at the husband's direction. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646, [77 Pac. 657].) No question of community interest is involved here. The evidence shows that the property in question was purchased out of the separate money of the defendant H. N. Berthiaume, and by his direction conveyed by the vendors directly to the defendant Frances C. Berthiaume; and therefore whenever it was con-

veyed to her, whether before or after the amendment to section 164 of the Civil Code, it was her separate property.

The finding that the defendant Frances C. Berthiaume became indebted to plaintiff's assignor is necessarily based upon the theory that the services sued for were contracted by her husband as her authorized agent, or upon the theory that she subsequently ratified his acts whether previously authorized or not. In either or both events she must be held legally liable for the obligation incurred. While the authority of a husband to represent his wife in the management and control of her separate property is never to be presumed merely from the existence of the marriage relation, nevertheless such authority may be established by circumstantial evidence; and as between husband and wife much less evidence is needed to establish the fact of agency of one for the other than is ordinarily required. (*Wagoner* v. *Silva,* 139 Cal. 559, [73 Pac. 433].) We are satisfied that all the circumstances of the transaction as revealed by the record before us justify the conclusion that in the matter of securing the services sued for the defendant H. N. Berthiaume was acting, either by previous authorization or subsequent ratification, as the agent of his wife. In short, as was said in the case of *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237, [26 Pac. 902], "The circumstantial evidence in the case sensibly and substantially tended to prove the precedent original authority of the husband from the wife."

In support of the appeal taken by defendant H. N. Berthiaume it is urged that in one particular the evidence does not support the findings upon which the judgment against him was rendered. While the point in the particular relied upon is not well taken the judgment for another reason cannot be sustained against this defendant. If, as we think and as the trial court impliedly found, the evidence shows that this defendant was acting as the agent of his wife, and that she subsequently ratified and confirmed the contract made for her benefit, then it must follow that the indebtedness thus contracted for was the obligation of the wife, for which she individually and alone is legally responsible. If this be so, obviously the plaintiff was entitled to a judgment only against her.

For the reasons stated the judgment and order appealed from are reversed as to the defendant H. N. Berthiaume, and

as to the defendant Frances C. Berthiaume it is ordered that the judgment and order be affirmed.

Hall, J., and Murphey, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 3, 1913, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing of this cause in the supreme court after judgment in the district court of appeal for the first district is denied. We deem it proper, in view of the character of the points made in support of the application, to again state that in cases directly appealable to a district court of appeal under express provision of the constitution, this court, in determining whether a hearing shall be had in this court after decision by a district court of appeal, will not consider any alleged fact not fairly shown on the face of the opinion of such district court of appeal. In other words, we accept the opinion as correctly showing the facts. As said by us in *Burke* v. *Maze,* 10 Cal. App. 211, [101 Pac. 441]. "In such cases a rehearing in this court is granted only when error appears upon the face of the opinion of the appellate court, or when a doubtful and important question is presented upon which we desire to hear further argument." We repeat the following observation made in *Burke* v. *Maze:* "We think it not inappropriate to suggest to members of the bar that they engage in a fruitless labor in petitioning for a rehearing in this court of a cause properly appealed to a district court of appeal upon a statement of facts contrary to, or outside of, the case stated in the opinion of that court."