[Civ. No. 8708.  Second Appellate District, Division One.—February 7, 1935.]

HARRY TOWNE, Plaintiff and Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents; UNION BANK & TRUST CO. OF LOS ANGELES (a Corporation), Intervener and Appellant.

Edward Linder, Loeb, Walker & Loeb and Herman F. Selvin for Appellants.

N. B. Nelson for Respondents.

SHINN, J., *pro tem.*—On September 19, 1928, defendant J. Kamischer and Mary Kamischer, being the owners in fee of certain real property, conveyed the same by quitclaim deed to the plaintiff Harry Towne. There was pending at that time an action brought by the City of Los Angeles to condemn portions of the property. The deed to plaintiff recited that it was made "subject to encumbrances, liens, taxes, assessments, condemnation proceedings, and rights of way of record". Since receiving his deed plaintiff has continued to be and is now the owner of the property. On November 21, 1928, he executed a deed of trust of the property to secure an indebtedness to Union Bank & Trust Company of Los Angeles, intervener herein. On January 6, 1930, an interlocutory judgment was entered in the condemnation proceeding and the judgment becoming final and the parties hereto having asserted their conflicting claims thereto, the award was paid into court to abide the result of the present action. On August 4, 1930, Kamischer and wife purported to assign to defendants Jose Cherques and William Levitt the award made in the condemnation proceeding in the amount of $8,633. The latter claim the award under this assignment; plaintiff claims it under the deed of the property to him; and Union Bank & Trust Company asserts a right to the

fund under the deed of trust from Towne. Judgment went in favor of defendants Cherques and Levitt in the lower court, from which plaintiff and intervener appeal. The sole question is whether the right to receive the award was reserved to the grantors at the time of the conveyance of the property to Towne, or passed to the grantee.

It is admitted that the deed to plaintiff was duly executed, delivered and recorded on September 19, 1928. The recital that the conveyance was made ''subject to condemnation proceedings'' did not amount to a reservation of any rights to the grantors. It merely expressed the understanding of the parties as to the condition of the title conveyed. (*Russakov* v. *McCarthy Co.*, 206 Cal. 682 [275 Pac. 808], and cases cited.) The entire title and right to possession of the grantors therefore passed to the grantee. (*Rego* v. *Van Pelt*, 65 Cal. 254 [3 Pac. 867]; *Taylor* v. *Opperman*, 79 Cal. 468 [21 Pac. 869].)

In *Security Co.* v. *Rice*, 215 Cal. 263 [9 Pac. (2d) 817, 82 A. L. R. 1059], it is said: ''The universal rule appears to be that where property is purchased which is subject to pending condemnation proceedings and the deed conveying said property is silent as to the award money to be paid in the proceedings, said money belongs to and is payable to the purchaser.'' (Citing cases.)

Under this rule the award is payable to the one who owns the property at the time it is taken in the condemnation proceedings. Plaintiff became entitled to the award when the interlocutory judgment became final. Title passed to the public when the interlocutory judgment was entered and the money was paid into court. (Code Civ. Proc., sec. 1253; *McDaniels* v. *Dickey*, 219 Cal. 89 [25 Pac. (2d) 404].)

Respondents by their assignment could take no greater right to the award than was possessed by their assignors. Kamischer and wife had parted with all their rights long prior to the entry of the interlocutory judgment, and the purported assignment therefore conveyed nothing to respondents.

The award was made in the names of the Kamischers. This fact, however, is not important. After their conveyance of the property they remained mere nominal parties, plaintiff being the real party in interest. (Code Civ. Proc., sec. 385; *Tuffree* v. *Stearns Ranchos Co.*, 124

Cal. 306 [57 Pac. 69] ; *Malone* v. *Big Flat etc. Co.*, 93 Cal. 384 [28 Pac. 1063].)

█ Respondents rely upon the finding of the trial court that Kamischer and wife did not transfer their interest in the condemnation award to Towne, as alleged in the complaint. This allegation was immaterial; it was alleged and admitted that the land was conveyed, and a separate assignment was unnecessary. The finding that there was no transfer must give way to the admitted fact that the land was conveyed without express reservation. There was neither allegation in the answer nor finding to the effect that any rights were reserved to Kamischer and wife at the time of their conveyance to plaintiff.

Plaintiff is entitled to receive the amount of the award heretofore deposited in court, subject to such rights as may be established by the intervener Union Trust & Savings Bank of Los Angeles.

For the foregoing reasons, the judgment is reversed.

Houser, Acting P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1935.