[Civ. No. 25742. First Dist., Div. Two. Feb. 16, 1970.]

JULIANA DOROW, Plaintiff and Appellant, v.
SANTA CLARA COUNTY FLOOD CONTROL DISTRICT,
Defendant and Respondent.

## COUNSEL

Atherton & Johnson and Michael Atherton for Plaintiff and Appellant.

John R. Kennedy, County Counsel, Norman E. Matteoni, and Joseph Durante, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**DAVID, J. pro tem.**\*—This is an appeal from a summary judgment for respondent upon a complaint wherein appellant sought to recover damages

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

under California Constitution, article I, section 14, for an alleged taking and damaging of her private property for public use. The theory asserted was inverse condemnation.

It competently appears that in 1953 plaintiff acquired property in Mountain View, across which Permanente Creek flows. The respondent in 1963 undertook a project to improve the creek bed, in the course of which it installed a box culvert or pipes in plaintiff's portion of the creek bed and filled over it with dirt. An easement for such purposes had been acquired by the county in eminent domain in 1878, by interlocutory decree. A lis pendens had been filed. The decree in condemnation was not recorded until 1959, when the county also quitclaimed its interest to the respondent flood control district by a recorded deed. It is asserted plaintiff first became aware of defendant's improvement and its deed to the easement in 1966. After unfruitful official negotiations, this suit was filed on March 24, 1967. ■ No cause of action arises because the district utilized its easement, however hidden its right had been from plaintiff, and whatever her rights may be against the title company defendant whose report to her allegedly failed to disclose the lis pendens. (Rest., Torts, § 552; *Hawkins* v. *Oakland Title Ins. & Guar. Co.* (1958) 165 Cal.App.2d 116 [331 P.2d 742].)

Likewise, in support of the motion for summary judgment, it was contended that plaintiff was barred by failure to file her claim for condemnation or inverse condemnation, as required by Government Code sections 905, 911.2 and 945.4. If the condemnation proceeding is disregarded, this contention must be sustained. It is established that plaintiff knew of the defendant's improvement on her land in 1963 and never filed a claim for compensation. It was established that the work was completed on September 10, 1963.

■ Compliance with the claims requirements is a condition precedent to suit for damages for inverse condemnation, under California Constitution, article I, section 14. (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 725 [123 P.2d 505]; *Powers Farms Inc.* v. *Consolidated Irr. Dist.* (1941) 19 Cal.2d 123, 126-127 [119 P.2d 717]; *Bleamaster* v. *County of Los Angeles* (1961) 189 Cal.App.2d 274, 280 [11 Cal.Rptr. 214]; *Veterans' Welfare Board* v. *City of Oakland* (1946) 74 Cal.App.2d 818, 826 [169 P.2d 1000].) ■ Appellant's counsel's letter to respondent dated October 7, 1966, if it be considered a claim, was not filed in time; and its alleged rejection thereafter was not effective to give it validity as a claim for damages in inverse condemnation.

The cases above cited negative the contention that the claims statute requirement as applied to inverse condemnation is unconstitutional. In addition to the authorities cited, consult 30 C.J.S. section 410, page 510;

*Bellman* v. *County of Contra Costa* (1960) 54 Cal.2d 363, 368 [5 Cal.Rptr. 692, 353 P.2d 300]; compare *Davis* v. *East Contra Costa Irr. Dist.* (1941) 19 Cal.2d 140, 141 [119 P.2d 127]; *Pierpont Inn, Inc.* v. *State of California* (1969) 70 Cal.2d 282, 292-293 [74 Cal.Rptr. 521, 449 P.2d 737].

However, the final decree in condemnation may not validly be filed, without payment of the compensation awarded. (Code Civ. Proc., §§ 1251, 1252, 1253.) At that time, in 1959, plaintiff *pro tanto* was the successor in interest to the original defendants. The award, being for the real property interest taken, runs with the land. (*Towne* v. *City of Los Angeles* (1935) 4 Cal.App.2d 418, 420 [41 P.2d 363], citing *Security Co.* v. *Rice* (1932) 215 Cal. 263 [9 P.2d 812, 82 A.L.R. 1059].) The award bears legal interest (Code Civ. Proc. § 1255b). The judgment itself, and any ancillary orders establishing plaintiff's right (Code Civ. Proc., § 1246.1) are audited claims reduced to judgment, and payment is not subject to the general claims statutes. It is contemplated that the rights of the parties in these respects be determined in the eminent domain proceeding (Code Civ. Proc., § 1246.1).

As a right derivative from the judgment in eminent domain, appellant is not barred, since a judgment liability exists for 10 years, and may be renewed. (Code Civ. Proc., § 685.)

Without prejudice to such rights, asserted in any appropriate proceeding, the summary judgment herein is affirmed.

Shoemaker, P. J., and Taylor, J., concurred.