Joseph **SANFILIPPO** et al., **Plaintiffs,**

v.

**COUNTY OF SANTA CRUZ** et al., **Defendants.**

**No. C–75–675 SW.**

United States District Court, N. D. California.

June 28, 1976.

Bernd W. Schmidt, San Jose, Cal., for plaintiffs.

Clair A. Carlson, County Counsel, James M. Ritchey, Asst. County Counsel, County of Santa Cruz, Santa Cruz, Cal., for defendant County of Santa Cruz.

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

SPENCER WILLIAMS, District Judge.

This is an action for inverse condemnation. Plaintiffs are owners of 206 acres of unimproved mountain land in Santa Cruz County. They allege that the County's General Plan and zoning scheme, as applied to their land, deprive them of their property without just compensation in violation of the 5th and 14th Amendments of the United States Constitution. The case is presently before the Court on defendants' motion to dismiss. For the reasons given below, the Court denies this motion.

The parties are in agreement as to the history of plaintiffs' efforts to secure County approval of their development applications. In 1972 the zoning on the land in dispute was changed from a residential classification which permitted one residence per 2.5 acres, to UBS–100, which permitted one residence per 100 acres and a number of other uses by special permit. Some time after the UBS–100 designation, plaintiffs applied for rezoning, approval of a plan to divide their land into smaller parcels, and for "conceptual approval" of a planned unit development (PUD) project.

On July 3, 1974 all three requests by the plaintiffs were denied by the County Planning Commission. Upon the recommendation of the planning staff, the Commission also advised the plaintiffs not to proceed with further planning or PUD application processing for residential development of the property. On October 7, 1974, in a final administrative step, plaintiffs filed a claim for inverse condemnation against the County. This claim was denied on October 15, 1974.

### Statute of Limitations

◼ Defendants contend that actions for review of zoning decisions must be brought within 30 days from the effective date of such decisions, according to Santa Cruz County Code § 13.04.135, or at most within 90 days of enactment or amendment of the challenged zoning ordinance, under California Government Code § 65860. Neither of these code sections is applicable here. The County ordinance specifically exempts from the 30-day limit review of the types of governmental action listed in California Government Code § 65907, which includes the decisions of zoning boards and of boards of appeal respecting variances, conditional use permits and other permits. The present action challenges, on constitutional grounds, the County Planning Commission's refusal to rezone plaintiffs' property, to approve a land division or to give conceptual approval to a PUD project for the site. This action is therefore exempt from the 30-day limitation ordinance.

◼ Defendants also err in asserting that Cal.Gov't Code § 65860 applies to this situation. That section refers only to suits contesting the conformance of local zoning to local general plans; and whether or not the zoning of plaintiffs' land conforms to Santa Cruz County's General Plan is not at issue here.

◼ This case is governed by Cal.Gov't Code § 905, which establishes the frame-

work for the presentation of claims for money or damages against public entities. Section 905 incorporates by reference Cal. Gov't Code §§ 911.2 and 945.6, the limitations statutes applicable to the present action. Section 911.2 requires presentation of a claim for damages to the public entity within one year after accrual of the cause of action; section 945.6 requires commencement of suit within six months of the rejection of the claim by that entity. *See Dorow v. Santa Clara County Flood Control District,* 4 Cal.App.3d 389, 84 Cal.Rptr. 518 (1970).

Plaintiffs' cause of action did not accrue until July 3, 1974, when the Planning Commission denied their applications for rezoning and land division and indicated it would deny any formal request for PUD approval. Plaintiffs' subsequent claim for damages for inverse condemnation was filed against the County on October 7, 1974, well within the one year limit prescribed in § 911.2. It was officially rejected on October 15, 1974, and suit was filed in this court on April 7, 1975, less than six months later. The Court therefore finds that the present action is not barred by the applicable California statutes of limitations and that the motions to dismiss on this ground must be denied.

*Immunity from Suits for Monetary Damages*

 Defendants assert that under California law public entities are immune from suits for monetary damages growing out of public enactments or permit approval procedures. While this may be true in many areas of tort law, such an immunity doctrine does not apply here. It is an elementary proposition that governmental entities are not immune from actions brought under constitutional provisions guaranteeing just compensation for public takings of private property. To hold, as defendants assert, that all land use regulations are by definition valid discretionary legislative acts would be to ignore the constitutional requirement that takings be accompanied by just compensation and to eliminate actions for inverse condemnation. Irrespective whether protection against inverse condemnation is afforded under the California Constitution, California immunity legislation could not limit the substantive rights of landowners under the 5th and 14th Amendments of the United States Constitution.[1]

*Subject Matter Jurisdiction*

 Defendants contend, on a variety of theories, that this Court lacks subject matter jurisdiction over the instant suit. Without discussing each of these theories in detail the Court finds subject matter jurisdiction. Plaintiffs have competently alleged a cause of action for violation of their constitutional rights under the 5th and 14th Amendments. The ultimate success of their suit turns on the Court's construction of these Amendments in the factual context of this case. *Foster v. Herley,* 330 F.2d 87

---

1. Although we find that there is no blanket immunity for the County from inverse condemnation actions for monetary damages, the Court notes that monetary damages are not judicially favored in land regulation cases absent actual physical damage or invasion, regulations which allow no reasonable use of the complainant's property or are exceptionally restrictive, or confiscatory intent or bad faith on the part of the government. Because court-ordered acquisition is likely to be extremely burdensome for the community, and because the burden on the plaintiff can be remedied by removal of the offending land-use restriction, courts have found it appropriate to limit relief in inverse condemnation cases to a declaration that the regulation in question is invalid. See, e. g., *Pennsylvania Coal Co. v. Mahon,* 260 U.S.

393, 43 S.Ct. 158, 67 L.Ed. 322 (1922); *Nectow v. Cambridge,* 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1928); *HFH, Ltd. v. Superior Court,* 15 Cal.3d 508, 125 Cal.Rptr. 365, 542 P.2d 237 (1975).

This Court is in accord with the California policy disfavoring findings of compensable inverse condemnation in the application of otherwise valid land-use regulations. Plaintiffs will therefore have a heavy burden of proving entitlement to monetary relief on the basis of excessive restriction, bad faith or confiscatory intent by the County of Santa Cruz. *Klopping v. City of Whittier,* 8 Cal.3d 39, 104 Cal.Rptr. 1, 500 P.2d 1345 (1972); *Arastra Limited Partnership v. City of Palo Alto,* 401 F.Supp. 962 (N.D. Cal.1975); *Eldridge v. City of Palo Alto,* 57 Cal.App.3d 613, 129 Cal.Rptr. 575 (1976).

(6th Cir. 1964). The amount in controversy exceeds $10,000 and the County is a proper defendant; therefore jurisdiction is properly laid under 28 U.S.C. § 1331. *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal. 1974).

■ It is true, as defendants point out, that plaintiffs have not produced a complete administrative record of the proceedings that took place in connection with the adoption of the challenged zoning ordinance and General Plan, or with the denial of the plaintiffs' lot split, rezoning, and conceptual PUD applications. This fact does not deprive the Court of jurisdiction in an inverse condemnation proceeding. The plaintiffs have submitted those administrative records that have been made available to them. In any event, this court is not bound by the facts reflected in the records compiled below.

*Exhaustion of Administrative Remedies*

■ Defendants contend that plaintiffs have failed to exhaust administrative remedies available at the County level, and are thus precluded from bringing the instant suit. This court is of the opinion, however, that plaintiffs' efforts in this connection have been sufficient. Requiring plaintiffs to pursue additional applications to the Planning Commission would be futile and wasteful.

Defendants contend that their conceptual denial of plaintiffs' PUD proposal was not a final administrative denial and therefore cannot be the basis of a challenge in this Court. As a matter of practice, the County planning staff and the Planning Commission use the conceptual review process to learn about proposed projects and to disapprove them or request planning modifications before expensive detailed planning work is completed.

While it is true that conceptual denial is not technically an official, final denial of plaintiffs' PUD application, in practical terms it represents the final decision of the agency. The Commission advised plaintiffs to cease planning work on the PUD because it knew that detailed planning and engi-

neering would be useless for a project it did not intend to approve. Plaintiffs should not be required to complete that planning and wait for another denial before seeking redress in this Court. *Dahl v. City of Palo Alto,* 372 F.Supp. 647 (N.D.Cal.1974). With the County's denial of their claim for inverse condemnation, plaintiffs exhausted their available administrative remedies. The motion to dismiss on this ground is therefore denied.

*Sufficiency of the Claims Stated*

■ Defendants urge the Court to hold that zoning regulations enacted pursuant to a comprehensive plan for community development are proper exercises of the police power and therefore not actionable as a matter of law. In essence, defendants are requesting the Court to apply in the area of land use regulation the "any reasonable basis" test that the United States Supreme Court has applied in evaluating legislative discretion in the areas of economic and social regulation. *See,* e. g., *Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). This Court is unwilling to so hold. The constitutional test in "takings" cases requires an independent judicial analysis of the facts of the case and not merely a finding that the legislative body acted on substantial evidence or was not unreasonable or arbitrary in enacting the ordinance in question. Of course the Court will give considerable weight to the well-considered planning decisions of state and local legislative bodies, but this is only one of several factors to be considered.

■ As the United States Supreme Court stated in *Goldblatt v. Hempsted,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962), there is no set formula for determining where regulation ends and taking begins. It is essentially a question of reasonableness, the determination of which is a factual matter. In this determination the Court will weigh such factors as the relationship of the regulation to comprehensive plans and community goals, the physical characteristics of the property and the surround-

ing property, the relationship of the regulation of the public health, safety and welfare, the degree to which the use of the property is restricted, and whether any reasonable beneficial use of the property is in fact permitted. Such a factual determination would be inappropriate on a motion to dismiss. *M. J. Brock & Sons, Inc. v. City of Davis,* 401 F.Supp. 354 (N.D.Cal.1975); *Dahl v. City of Palo Alto, supra.* Assuming the truth of plaintiffs' allegations, as we must on this motion, the Court finds that the facts as stated, if proved, would entitle them to relief. The motion to dismiss is therefore denied.

It is so ordered.