[Civ. No. 2530. Fourth Appellate District.—May 8, 1940.]

NAOMI HOPE WALTON, Administratrix, etc., Appellant, v. COUNTY OF KERN, STATE OF CALIFORNIA, Respondent.

C. T. Walton and Strother P. Walton for Appellant.

Borton, Petrini, Conron & Borton for Respondent.

BARNARD, P. J.—This is an action for damages for a death which, it is claimed, resulted from the improper manner in which a road was maintained by the defendant.

The accident and death in question occurred on December 24, 1937. A claim was filed with the defendant county on February 1, 1938, and it is conceded that no order was ever made by the supervisors with respect to rejecting or allowing the claim.

The complaint was filed on March 7, 1938, and an answer was filed in April, 1938, the exact date not being disclosed by the record. On April 4, 1939, the defendant filed notice of motion for a judgment on the pleadings on the ground that the action was prematurely filed since the supervisors had had ninety days in which to allow or reject the claim. On April 6, 1939, the plaintiff filed notice of motion for permission to file a supplemental complaint, which was attached thereto, and which included an allegation that the claim had been rejected by the failure of the board of supervisors to act upon it within ninety days after it was filed. The two motions were heard together, the motion for leave to file a

supplemental complaint being denied and the motion for judgment on the pleadings being granted. The plaintiff has appealed from the judgment.

The general rule is that where an action is prematurely brought, and the original complaint must fall, a supplemental complaint has no place as a pleading. (*Morse* v. *Steele*, 132 Cal. 456 [64 Pac. 690]; *Lewis* v. *Fox*, 122 Cal. 244 [54 Pac. 823].) Ordinarily, a plaintiff's cause of action must have arisen before the filing of the complaint and he may not recover in a cause of action arising after the suit is filed. (*Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994].) In *Bank of Italy etc. Assn.* v. *Bentley*, 217 Cal. 644 [20 Pac. (2d) 940], the court said: ''Every complaint is predicated upon the theory that the plaintiff therein is entitled to judgment at the time of its filing.''

The appellant concedes this general rule, but relies upon the case of *Grant* v. *Sun Indemnity Co.*, 11 Cal. (2d) 438 [80 Pac. (2d) 996], as permitting a deviation from that rule under proper circumstances, and contends that such an exception should have been applied in this case, and the filing of the supplemental complaint permitted, because no prejudice would have resulted to the respondent and because the statute of limitations had then run against the filing of a new complaint. The case just cited was one to enforce a policy of indemnity insurance, the action having been filed prior to the time provided for in the policy since an appeal from a prior judgment was still pending. During the trial, the court permitted the plaintiff to file an amendment to the complaint alleging the affirmance of the other judgment. While the court recognized the general rule to which we have referred, the action of the trial court in permitting the amendment was upheld, under the circumstances of that case, because the plaintiff therein had been compelled to bring the action without knowledge of the provisions of the policy, and on the further ground that the insurer could not repudiate the policy and at the same time rely upon one of its provisions.

No similar elements or conditions appear in the instant case to account for the filing of the complaint before the cause of action had arisen. Moreover, the appellant's cause of action was purely statutory and, under section 4078 of the Political Code, the failure of the board of super-

visors to act upon the claim was not to be deemed equivalent to a rejection thereof until the expiration of ninety days. Where a right is purely statutory and is granted upon certain conditions those conditions must be complied with. (*Johnson* v. *City of Glendale*, 12 Cal. App. (2d) 389 [55 Pac. (2d) 580].)　■　At the time this action was filed but little more than one-third of the time allowed to the board of supervisors for passing upon the claim had expired and, under the statute, a cause of action did not then exist.　In an affidavit presented at the hearing of appellant's motion for leave to file a supplemental complaint one of the attorneys for the appellant stated that on February 14, 1938, he called the clerk of the board of supervisors of the respondent county by long distance telephone and was told that the claim had been referred to representatives of the county's insurance carrier, and that he drew the inference, although he admitted that he was not so told by the clerk, that the claim had been rejected by the board of supervisors.　Not only was there no basis for that inference but the complaint, as filed, failed to allege that the claim had been rejected and affirmatively alleged that it had not yet been acted upon by the board of supervisors.

Nothing in the instant case brings it within the rule applied in *Grant* v. *Sun Indemnity Co., supra,* and no complaint setting forth a cause of action was filed or offered for filing until after the cause of action was barred by the statute of limitations.　If it could be assumed that any unusual circumstances here justified the filing of an amended complaint or a supplemental complaint at any time it would still be necessary that the new complaint set forth a cause of action at the time it was filed.　This could not have been done at the time the supplemental complaint was offered, and no reversible error appears.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1940.