[Civ. No. 23954. Second Dist., Div. Three. Apr. 25, 1960.]

JO ANNE MARIE TAYLOR et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Sherman, Weissman & Meyers and Brumer & Hopson for Appellants.

Roger Arnebergh, City Attorney, Gilmore Tillman, Chief Assistant City Attorney for Water & Power, Desmond J. Bourke and Stephen R. Powers, Jr., Deputy City Attorneys, for Respondents.

FORD, J.—This is an appeal from a judgment of dismissal entered after the trial court had sustained the objection of the City of Los Angeles and the Department of Water and Power thereof to the introduction of any evidence on the ground that the complaint failed to state a cause of action. (See *Miller* v. *McLaglen,* 82 Cal.App.2d 219, 223 [186 P.2d 48].)

On March 11, 1957, the plaintiffs filed an action for wrongful death against the City of Los Angeles. Two of the plaintiffs are minors. The action was based upon the death on December 2, 1956, of William Douglas Taylor which was alleged to have been caused by a dangerous and defective condition of a public street upon which Mr. Taylor was operating a motorcycle in the nighttime. Since the first question presented on this appeal is whether a cause of action had accrued on March 11, 1957, the date of the filing of the complaint, specific reference will be made to the language of the pleadings bearing upon that problem.

In paragraph XVII of the complaint, it was alleged: "That plaintiffs herein, prior to the commencement of this action presented to said defendant, City of Los Angeles, on the 2nd day of January, 1957, within the required time, their verified claims in writing for damages caused by the death of William Douglas Taylor and that said 'Verified Claims of Damages' was received and accepted by the City Clerk of Los Angeles; that said defendant has refused to deny or issue a rejection of the claims, therefore the Statutory time of ninety (90) days having passed, plaintiff's [*sic*] filed this action as if defendant had refused and rejected the same. Copies of said claims are attached hereto marked Exhibit 'A' and Exhibit 'B' and made a part hereof, and of the same force and effect as if incorporated herein."

The answer of the city[1] in response to such allegations was: "Answering paragraph XVII this defendant admits and alleges that on January 2nd or 3rd, 1957 plaintiffs filed with the City of Los Angeles an instrument purporting to be a claim for damages with respect to the death of William Douglas Taylor; *that more than ninety days have elapsed since the filing of said instrument*, that a copy of said instrument is attached to plaintiffs' complaint and made a part thereof." (Emphasis added.)

In objecting to the introduction of any evidence, the city relied upon sections 363 and 376 of the city charter, of which we take judicial notice. (*Thompson* v. *City of Los Angeles*, 82 Cal.App.2d 45, 47 [185 P.2d 393].) Section 376 provides in part as follows: "No suit shall be brought on any claim

---

[1] It was stipulated that the answer of the city should be deemed to be also the answer of the department of water and power. In this opinion, for the sake of brevity, reference will be made to respondents as the "city."

for money or damages against the City of Los Angeles, or any officer or board of the city, until a demand for the same has been presented, as herein provided, and rejected in whole or in part.'' In section 363, provision is made for the filing of a claim for damages with the city clerk. In that section, it is further provided as follows: ''In all cases such claim shall be approved or rejected in writing, and the date thereof given. Failure to act upon any claim or demand within ninety (90) days from the date the same is filed with the City Clerk shall be deemed to be a rejection thereof. . . .''

If, in order to state a cause of action, it was necessary for the plaintiffs to allege an actual rejection of their claim or that there had been a failure to act thereon within 90 days from the date the claim was filed, the complaint was defective. This is clear from the allegations that the claim was presented on January 2, 1957, and that it had not been rejected, because a period of 90 days had not elapsed prior to March 11, 1957. During the course of the argument of counsel with respect to the objection to the introduction of any evidence, it was conceded by the city that a formal denial of the claim had been s⌐ t to the plaintiffs before the answer was filed. Such communication was made on or about March 15, 1957, and the city's answer to the complaint was filed on March 25, 1957.

Plaintiffs' action is based upon the provisions of sections 53050-53051 of the Government Code. Therein is defined the liability of the city for injuries to persons and property resulting from the dangerous or defective condition of public property. At the pertinent time in this case, section 53052 of that code set forth the requirement that a claim be filed and section 53053 of that code prescribed the contents thereof.[2] Section 53052 was as follows: ''When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred.'' In section 53053, it was provided as follows: ''The claim shall specify the name

---

[2]Although of no consequence in the present case, it should be noted that in 1959 section 53052 was amended to read as follows: ''When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a written claim for damages shall be presented in conformity with and shall be governed by chapter 2 (commencing with Section 700) of Division 3.5 of Title 1 of the Government Code.'' (Stats. 1959, ch. 1715, p. 4121, § 4.) Section 53053 was repealed. (Stats. 1959, ch. 1715, p. 4116, § 1.)

and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received." Such provisions apply to the claim in this case. Any provisions of a city charter which conflict therewith are of no effect. (*Helbach* v. *City of Long Beach*, 50 Cal.App.2d 242, 247 [123 P.2d 62] ; see 1 U.C.L.A. L. Rev. 201, 203-204.)

In support of the position of the city, reliance is mainly placed on *Walton* v. *County of Kern*, 39 Cal.App.2d 32 [102 P.2d 531]. That was an action against a *county* for damages for a death which, it was claimed, resulted from the improper manner in which a road was maintained by the defendant. While a claim was filed with the county on February 1, 1938, no action was ever taken by the supervisors in the nature of a rejection or an allowance thereof. The complaint was filed on March 7, 1938. In April of 1939, the defendant filed a notice of a motion for a judgment on the pleadings on the ground that the action was prematurely filed since, under section 4078 of the Political Code, the supervisors had 90 days within which to allow or reject the claim. In the same month the plaintiff filed a notice of a motion for permission to file a supplemental complaint containing an allegation that the claim had been rejected by the failure of the board of supervisors to act upon it within 90 days after it was filed. The motions were heard together. The motion of the plaintiff was denied and that of the defendant granted. The judgment was affirmed on appeal on the ground that at the time the action was filed a cause of action had not arisen. It cannot be said with any assurance that that case supports the position of the city on this appeal because the court there based its determination upon the language of section 4078 of the Political Code which expressly provided that the failure of the board to act upon the claim could "be deemed equivalent to a final action and rejection on the ninetieth day, and a claimant dissatisfied with the rejection of his claim or demand . . . may sue the county therefor at any time within six months after the final action of the board. . . ."[3] The question still remains in the

---

[3]Professor Arvo Van Alstyne (*Claims Against Public Entities: Chaos in California Law* (1959), 6 U.C.L.A. L. Rev. 205, 261) has commented upon the Walton case: "In *Walton* v. *County of Kern*, a decision in the Fourth Appellate District, the court, speaking through Barnard, P. J., held that an action commenced on a dangerous and defective condition claim was premature when commenced prior to rejection by the board of supervisors and prior to the end of the 90 days allowed for rejection by what is now section 29714 of the Government Code. The strength of the *Walton* case, however, is dissipated somewhat in that (a) the court

present case as to whether the provisions of the Government Code alone govern the matter or whether the provisions of the city charter are also applicable.

While it is a typical requirement of statutory claims provisions that the claim be officially rejected before an action is commenced thereon, such a provision is not universally found in this state.[4] In the absence of such a provision, there would appear to be no need to await such rejection before bringing an action.[5] (See 3 A.L.R.2d 711; cf. *Porter* v. *Bakersfield & Kern Elec. Ry. Co.,* 36 Cal.2d 582, 590 [225 P.2d 223].)

In *Eastlick* v. *City of Los Angeles,* 29 Cal.2d 661 [177 P.2d 558, 170 A.L.R. 225], it was the contention of the city that the claim filed by the plaintiff was defective because it failed to state separately and itemize the several elements of damage, and to set forth the total amount of the demand, as required by the city charter. But, as measured by the applicable state law as to claims under the Public Liability Act of 1923, which act was one imposing liability upon a municipality for injury to persons or property resulting from the dangerous or defective condition of public streets, highways, buildings, works and property, the claim was complete. The argument of the city that its charter provision as to itemization of damages was merely supplementary to the general law, and not contrary thereto, was rejected. The court stated, at pages 666-667: "Since the Legislature has power to make regulations covering matters of state concern, as it did in enacting the Public Liability Act of 1923, it also has power to regulate the manner in which the rights given by said act may be enforced. This it did when it provided, in 1931, a general scheme for the presentation of such liability claims to be effective throughout the

did not discuss the point since counsel apparently did not urge the contrary, (b) the opinion does not cite the dangerous and defective condition claim statute, and may be based on an erroneous assumption, reflected also in other cases that the general county claim provisions were applicable to the claim in question, and (c) the earlier and well-considered case of *Cooper* v. *County of Butte* [17 Cal.App.2d 43 (61 P.2d 516)] squarely holds that the equally consistent 'waiver clause' of the general claim statute (Gov. Code, § 29703) does *not* apply to dangerous and defective condition claims against counties, a decision recently expressly cited approvingly by the Supreme Court [*Dillard* v. *County of Kern,* 23 Cal.2d 271 (144 P.2d 365, 150 A.L.R. 1048)]."

[4]Code provisions falling into each category are collected by Van Alstyne in footnotes 285 and 286 of his article to which reference is made in footnote 3 to this opinion.

[5]Van Alstyne, in his article noted in footnote 3 to this opinion, states (page 260): "Under the Public Liability Act, an action apparently may be commenced prior to rejection of a claim previously (or contemporaneously) presented to a defendant city or school district."

state. While matters not thereby covered in connection with the prosecution of such claims 'must be governed by other existing statutes' (*Hennessy* v. *County of San Bernardino,* 47 Cal.App.2d 183, 186 [117 P.2d 745] ; see also *Thompson* v. *County of Los Angeles,* 140 Cal.App. 73, 75 [35 P.2d 185]), with respect to the subjects covered, the 1931 statute occupies the entire field and it impliedly precludes control to that extent by municipal or local regulation. Thus, a municipality may not curtail or abridge the rights so granted by specifying, through charter provision, a shorter time limitation for the filing of such claims than the period fixed by the statute. (*Kelso* v. *Board of Education,* 42 Cal.App.2d 415, 418 [109 P.2d 29] ; see also *Wilkes* v. *City & County of San Francisco, supra,* 44 Cal.App.2d 393, 395-396.) If a municipality may not impose more onerous conditions affecting the filing period allowed a claimant under the general law, it would reasonably follow that it may not impose more onerous conditions affecting any other matter covered by the statute, such as the contents of the claim. So with the point here involved, the statute requires the claimant to specify only 'the extent of the injuries or damages received.' The charter's provision that the claim itemize the several elements of damage and set forth the total demand is manifestly a more burdensome condition of recital as to the matter of damages than the requirement of the statute. Such charter provision is necessarily inconsistent with the general form of claim presentation adopted by the Legislature for operation throughout the state.'' At page 668, it was further stated: ''But since the enactment of the claim statute of 1931, the provisions of that statute 'are exclusive' in regulating the presentation of claims arising under the Public Liability Act, and no city charter provisions relating to the presentation of claims, whether adopted before or after the effective date of the statute, are applicable within the field covered thereby.'' (See also *Wilkes* v. *City & County of San Francisco,* 44 Cal.App.2d 393, 395-396 [112 P.2d 759].) ▇ In *Wilson* v. *Beville,* 47 Cal.2d 852, at page 857 [306 P.2d 789], it was said: ''It has been held repeatedly that where liability is imposed by statute the method or regulation of the enforcement of the liability such as claim filing and limitations of actions is not a municipal affair controllable by city charter.''

▇ The reasoning of the Eastlick case leads to the conclusion that in the present case the remedy granted to the plaintiffs could not be, and was not, subject to the provisions of the

city charter to which reference has been made. We so hold. There was no right to burden such a claim with the restriction here urged by the city. The plaintiffs were not required to await rejection of their claim, whether by express action of the city or by lapse of time, before commencing their action. But, even if the provisions of the city charter were applicable, the present judgment cannot stand. In *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], the Supreme Court had occasion to consider the procedural aspect of a claim statute. It was there stated, at pages 630-631: ''Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essential requisite to plaintiff's cause of action, nevertheless the time element with respect to the filing of the claim is essentially procedural in nature (*Norton* v. *City of Pomona*, 5 Cal.2d 54 [53 P.2d 952]; *Shea* v. *City of San Bernardino*, 7 Cal.2d 688 [62 P.2d 365]) and is analogous to a statute of limitation. (See *Thompson* v. *County of Los Angeles*, 140 Cal.App. 73 [35 P.2d 185]; *Rhoda* v. *County of Alameda*, 134 Cal.App. 726 [26 P.2d 691].) It has been intimated by some authorities that the claim statute is the measure of the power of the governmental agency in paying the tort claims involved, and hence any deviation from that procedure cannot be dispensed with by waiver, estoppel, or otherwise. That conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason. The various reasons advanced for the adoption of the claim statute, that is, to afford the agency an opportunity to investigate the merits of the claim, and to arrive at a settlement, thus avoiding litigation, are not inconsistent with the view that the statute is not the measure of the power. From the standpoint of the agency it has general power to pay claims arising from the liability imposed by the public liability act. Hence the filing of the claim within ninety days, while mandatory upon the claimant and a condition precedent to his cause of action, is nothing more than a procedural requirement as to the agency, which, as to the claimant, may be excused by estoppel. There are cases where the procedure specified in the statute is manifestly the measure of the power. (See *Miller* v. *McKinnon*, 20 Cal.2d 83 [124 P.2d 34, 140 A.L.R. 570].) There are instances where the procedural steps are not the measure of the power and estoppel may be invoked against a governmental agency from relying upon irregularities therein. (See *Charles R. McCormick L. Co.* v. *Highland S. Dist.*, 26 Cal.App. 641 [147 P. 1183]; *Clark* v. *Conley School District*, 86 Cal.App.

527 [261 P. 723] ; *Briney* v. *Santa Ana High School Dist.*, 131 Cal.App. 357 [21 P.2d 610].) This court has held that compliance with the claim statute is not jurisdictional with respect to the power of a court to give judgment against the governmental agency where no claim was filed. (*Redlands etc. Sch. Dist.* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 490].)" (See also *Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558, 562-563 [225 P.2d 988].) ▮ In such light, it is clear that the filing of an action after the submission of a proper claim, assuming it to have been premature because of a failure to wait until there had been a rejection of the claim, should not result in a disposition of the matter which has no relation to its merits. In the present case, the complaint was not filed too late but, rather, several days before the rejection of the claim. At the time the answer of the city was filed, the city had received every benefit which a provision for rejection prior to suit is intended to serve. ▮ As succinctly stated by Mr. Justice Schauer in a case involving a claim in probate (*Radar* v. *Rogers*, 49 Cal.2d 243, at p. 250 [317 P.2d 17]) : "The defense that suit was commenced before the presentation and rejection of claim 'is simply matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.' (*Bemmerly* v. *Woodward* (1899), 124 Cal. 568, 574-575 [57 P. 561] ; see also *Verbeck* v. *Clymer* (1927), 202 Cal. 557, 562 [5] [261 P. 1017] ; *Seches* v. *Bard* (1932), 215 Cal. 79, 81 [2] [8 P.2d 835].) Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it. ▮ 'A consequence of the disfavor with which such pleas are viewed is that matter in abatement must exist at the time of filing of the pleading urging it' (1 Cal.Jur.2d 29-30, § 3) and if the stated ground does not exist at the time of trial it may be disregarded. (*Archibald* v. *Iacopi* (1953), 120 Cal.App.2d 666, 669 [5] [262 P.2d 40].)"

▮ It is to be noted that the answer of the city contained the equivocal allegation with respect to the claim that "more than ninety days have elapsed since the filing of said instrument." Whether intended to have such effect or not, such a statement could well be expected to turn the mind of opposing counsel away from any thought of the possibility that a trap would be sprung upon the plaintiffs at the time of trial nearly two years later when it would be too late to commence a new action. Apt language with respect to such a

situation is found in *Moore* v. *Fellner,* 50 Cal.2d 330, at page 343 [325 P.2d 857] : ''However, the unfavored defense that the action was prematurely brought is simply matter of abatement which must be pleaded in proper time or it is waived. Further, if the defense has ceased to exist at the time defendant seeks to raise it, there is no occasion to consider whether it has been waived, as it may be disregarded. (*Radar* v. *Rogers* (1957), 49 Cal. [2d] 243, 250 [6, 7] [317 P.2d 17].) In the present case defendant first raised the point of premature filing of the action by an objection to the introduction of evidence and by motion for nonsuit when the case was on trial and at a time when the basis of the objection had been rendered nonexistent by Fellner's actual recovery from Steinbaum. Under such circumstances the court was justified in ruling against the plea.''

The judgment dismissing the action as to the defendants City of Los Angeles and Department of Water and Power of the City of Los Angeles is reversed.

Shinn, P. J., and Vallée, J., concurred.