[Civ. No. 13476. Fourth Dist., Div. Two. Nov. 15, 1974.]

THEODORE E. CORY, Plaintiff and Appellant, v.
CITY OF HUNTINGTON BEACH et al., Defendants and Respondents.

## COUNSEL

Charles Garrity, Judith Johnson and Richard A. Daily for Plaintiff and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs and William B. Rodiger for Defendants and Respondents.

## Opinion

**TAMURA, J.**—Plaintiff filed this personal injury action against defendant City of Huntington Beach (hereinafter "city") and others. The city moved for summary judgment on the basis that plaintiff had not complied with section 945.4 of the Government Code. Plaintiff takes this appeal from the action of the trial court in granting the motion for summary judgment.

The parties have filed an agreed statement setting out the facts of the case as follows. On July 22, 1970, plaintiff was injured in an automobile accident. On August 18, 1970, he filed a claim for damages with the city in accordance with Government Code section 911.2[1] and two days later (August 20, 1970) filed this personal injury action. The city was not served with the complaint and summons until April 8, 1971. On or about July 21, 1973, the city moved for summary judgment. The sole basis on which the motion was made and granted was that the instant action was prematurely filed.

Under Government Code section 945.4[2] actions of the kind involved here against a local governmental unit may not be brought unless a claim has been filed with the entity and has been acted upon or deemed rejected by failure to act upon the claim within 45 days. (Gov. Code, § 912.4.[3])

---

[1]Government Code section 911.2 provides: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

[2]Government Code section 945.4 provides: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

[3]Government Code section 912.4 provides in pertinent part: "(a) The board shall act on a claim in the manner provided in Section 912.6 or 912.8 within 45 days after the claim has been presented. If a claim is amended, the board shall act on the amended claim within 45 days after the amended claim is presented.

". . . . . . . . . . . . . . . . . .

"(c) If the board fails or refuses to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim. If the period within which the board is required to act is extended by agreement pursuant to this section, whether made before or after the expiration of such period, the last day of the period within which the board is required to act shall be the last day of the period specified in such agreement."

Since plaintiff admits noncompliance with the 45-day waiting period, the only question on appeal is whether such noncompliance was a proper basis for granting the summary judgment.

Plaintiff offers three alternative theories in support of his request for reversal. He contends first that section 945.4 is merely a prerequisite to in personam jurisdiction and therefore subject to waiver; secondly, that the statute as applied violates equal protection; and finally, that the statute violates the doctrine of separation of powers by limiting access to the judicial system. We agree with plaintiff that the judgment must be reversed, though not for the reasons he has advanced.

In urging the propriety of the summary judgment, the city relies primarily on *Walton* v. *County of Kern*, 39 Cal.App.2d 32 [102 P.2d 531]. *Walton* involved a wrongful death action against the county. Plaintiff's decedent was killed on December 24, 1937, in an accident allegedly caused by a dangerous and defective condition of a county road. A claim was filed with the county on February 1, 1938, and on March 7, 1938, suit was commenced. The county answered approximately one month later without alluding to the fact that the claim had never been denied or that the then applicable 90-day period prescribed by former Political Code section 4078 had not run. A year later the county moved for judgment on the pleadings on the ground the action had been prematurely filed. In response, plaintiff moved for permission to file a supplemental complaint showing that the 90-day period had by that time expired. The trial court granted the county's motion and denied plaintiff's motion. The reviewing court affirmed, holding that plaintiff had no cause of action until the claim had been denied or deemed denied and, therefore, "no complaint setting forth a cause of action was filed or offered for filing until after the cause of action was barred by the statute of limitations." (*Walton* v. *County of Kern, supra,* 39 Cal.App. 2d 32, 35.) In reaching its conclusion the court said: "Where a right is purely statutory and is granted upon certain conditions those conditions must be complied with. (*Johnson* v. *City of Glendale,* 12 Cal. App. (2d) 389 [55 Pac. (2d) 580].)" (*Walton* v. *County of Kern, supra,* at pp. 34-35.)

Both *Walton* and *Johnson* have been seriously erroded in recent years. For the reasons to be stated, we hold that they are not controlling here.

A similar question was presented in a slightly different context in *Radar* v. *Rogers,* 49 Cal.2d 243 [317 P.2d 17]. In that case the defendant was the personal representative of the alleged tortfeasor. The suit had been brought without complying with section 714 of the Probate Code which required that suit against a decedent's estate be brought only after the executor or

administrator had rejected the damage claim. The trial court sustained a demurrer to the complaint. The Supreme Court reversed, saying: "It has been said that 'The general rule is that where an action is prematurely brought, and the original complaint must fall, a supplemental complaint has no place as a pleading.' (*Walton* v. *County of Kern* (1940), 39 Cal.App. 2d 32, 34 [102 P.2d 531], citing *Morse* v. *Steele* (1901), 132 Cal. 456, 458 [64 P. 690], and *Lewis* v. *Fox* (1898), 122 Cal. 244, 252 [54 P. 823].) But the rule of the Walton case is by no means absolute and universal in application. The statement quoted was made in connection with a holding that a supplemental complaint cannot aid an original complaint which was filed before a cause of action had arisen. Here there was a cause of action when the original complaint was filed. That cause of action accrued when the accident happened." (*Radar* v. *Rogers, supra,* 49 Cal.2d 243, 247.) The court concluded: "The defense that suit was commenced before the presentation and rejection of claim 'is simply matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.' [Citations.] Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it." (*Radar* v. *Rogers, supra,* at p. 250.)

 Where a proper claim has been filed against a local governmental entity, it is now recognized that the waiting period requirement is not part of the cause of action but a procedural condition precedent to suit. The rationale was spelled out in *Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 771 [66 Cal.Rptr. 776]: "*Radar* suggests a distinction between a claim against a public entity, where no cause of action exists until rejection, and a claim against an estate on an existing cause of action which antedated the death of the obligor. However, since the decision in *Radar,* it has been recognized that the Legislature, in providing the manner in which a public entity may be sued, does not create a cause of action, but merely prescribes the manner in which it may be asserted. (See *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211, 216-218 [11 Cal.Rptr. 89, 359 P.2d 457]; and see Gov. Code, §§ 815-818.3 and §§ 944 and 945.) The prerequisite of rejection may, therefore, be considered more of a procedural than a substantive requirement." (See also *County of Santa Clara* v. *Superior Court,* 4 Cal.3d 545, 549-550 [94 Cal.Rptr. 158, 483 P.2d 774]; *Taylor* v. *City of Los Angeles,* 180 Cal.App.2d 255, 262-263 [4 Cal.Rptr. 209].)

 Applying those principles to the case at bench, we readily conclude that a cause of action existed when the complaint was filed. Indeed, as plaintiff aptly points out, rejection of his claim against the city could not be a part of his cause of action since section 911.2 requires that his cause of action accrue *before* his claim can even be filed. Therefore, under *Radar* it

follows that the defense of prematurity, if timely raised, merely would have been a ground for abatement of the action. (See 3 Witkin, Cal. Procedure (2d ed. 1971) pp. 2549-2552.)

The city calls our attention to *Dorow* v. *Santa Clara County Flood Control Dist.*, 4 Cal.App.3d 389 [84 Cal.Rptr. 518], and *Wilson* v. *People ex rel. Dept. Pub. Wks.*, 271 Cal.App.2d 665 [76 Cal.Rptr. 906], as cases holding that strict compliance with the notice and rejection provisions of the Government Code is a prerequisite to suit. In both of those cases plaintiffs failed to file any claim at all prior to commencing suit. Thus there was a total frustration of the statutory purpose. ■ However, in assessing the formal adequacy of a claim, courts have applied a test of substantial compliance. (See 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1023-1026.) Similarly, where the statutory purpose has been realized by other means, strict compliance has not been required. (*People* ex rel. *Dept. of Parks and Recreation* v. *West-A-Rama, Inc.,* 35 Cal.App.3d 786, 794 [111 Cal.Rptr. 197]; *Jamison* v. *State of California,* 31 Cal.App.3d 513, 518 [107 Cal. Rptr. 496]; *Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal. Rptr. 198].)

■ We could not allow the city to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute. Even assuming that the city gave serious consideration to plaintiff's claim rather than merely turning it over to its insurer, the city could not have been prejudiced by the premature filing of the action since the complaint was not served until the time period had run. Thus the defect had ceased to exist before the city was even formally notified that suit had been brought.

To call the city's defense "highly technical" would not be an overstatement. (See *Radar* v. *Rogers, supra,* 49 Cal.2d 243, 249.) As was said in a strikingly similar situation: "[I]t is clear that the filing of an action after the submission of a proper claim, assuming it to have been premature because of a failure to wait until there had been a rejection of the claim, should not result in a disposition of the matter which has no relation to its merits. In the present case, the complaint was not filed too late but, rather, several days before the rejection of the claim. At the time the answer of the city was filed, the city had received every benefit which a provision for rejection prior to suit is intended to serve." (*Taylor* v. *City of Los Angeles, supra,* 180 Cal.App.2d 255, 263.)

Judgment is reversed.

Kerrigan, Acting P. J., and Kaufman, J., concurred.