[No. C050196. Third Dist. May 4, 2007.]

PAUL ORR, Plaintiff and Respondent, v.
CITY OF STOCKTON, Defendant and Appellant.

624

## COUNSEL

Richard E. Nosky, Jr., City Attorney, and Shelley L. Green, Deputy City Attorney, for Defendant and Appellant.

Tabak Law Firm and Stewart M. Tabak for Plaintiff and Respondent.

## OPINION

**DAVIS, Acting P. J.**—In this appeal, we conclude that the filing of a petition to perpetuate testimony or preserve evidence under Code of Civil Procedure section 2035.010 et seq. does not constitute the filing of a "suit" for purposes of satisfying the six-month statute of limitations set forth in Government Code section 945.6, subdivision (a)(1), of the California Tort Claims Act. (Gov. Code, § 900 et seq.; hereafter, the Tort Claims Act.) Consequently, we reverse.

### BACKGROUND

On May 12, 2002, plaintiff Paul Orr (Orr) was involved in an automobile collision with a City of Stockton (City) police officer who was driving a patrol car.

On October 16, 2002, Orr filed a petition to perpetuate testimony and/or preserve evidence (Petition to Preserve Evidence or Petition) related to the collision. (Code Civ. Proc., § 2035.010 et seq.; formerly, the substantively identical Code Civ. Proc., § 2035.)[1] Orr sought evidence of police radio communications around the time of the collision. A hearing on the Petition was slated for November 26, 2002. Orr took the Petition off calendar, without prejudice, after the City agreed to provide Orr the requested information (the City provided this information on Jan. 14, 2003, after Orr sent the City a reminder letter a week earlier).

On October 17, 2002, Orr presented a claim to the City under the Tort Claims Act. (Gov. Code, §§ 905, 910.)[2] The City notified Orr on December 5, 2002, that it had rejected his claim. This notice contained a "Warning" that stated: "Subject to certain exceptions, you will have only six (6) months from

---

[1] Orr filed the Petition and his subsequent pleadings together with a coparty, his wife, Darla Orr. We will refer to "Orr" in the masculine singular for simplicity. The City and its police officer were named defendants, but judgment was obtained only against the City.

[2] Hereafter, undesignated section references are to the Government Code.

the date this notice was personally delivered or deposited in the mail to file a court action on your state law claims. See Government Code section 945.6."

Orr filed a document entitled "First Amended Complaint for Damages and to Perpetuate Testimony" (First Amended Complaint) on August 4, 2003, which was nearly two months after the six-month statute of limitations (§ 945.6) specified in the claim rejection notice. This was the first pleading denominated a complaint that Orr filed.

The City demurred to the First Amended Complaint, citing the six-month statute of limitations set forth in section 945.6, subdivision (a)(1). Orr countered that his Petition to Preserve Evidence constituted an "action" that satisfied this statute of limitations. Orr also stated that, should it be necessary, he could amend the complaint to allege waiver and/or estoppel against the City. The trial court sustained the City's demurrer with leave to amend.

Orr then filed a second amended complaint and the City similarly demurred on statute of limitations grounds. This time, though, the trial court overruled the City's demurrer, concluding that "[u]nder Code of Civil Procedure section 363 a special proceeding is included in the statutory use of the word 'action.' Government Code section 945.6 utilizes the word 'action' relating to a civil proceeding. The cases have allowed prematurely filed actions against public entities to be deemed timely filed for purposes of compliance with the statute of limitations. [Citations.] The Petition to [Preserve Evidence] filed October 16, 2002[,] was sufficient to meet the purposes of Government Code § 945.6; use of a 'petition' versus 'a complaint' does not constitute a fatal defect to Plaintiffs' claim."

The City then answered Orr's second amended complaint, trial occurred, and the jury returned a verdict against the City for $221,218.62.

Based on the statute of limitations issue, the City appealed.[3]

---

[3] Orr contends that the City waived this statute of limitations affirmative defense, because in its answer to Orr's second amended complaint, the City asserted that "[t]he causes of action alleged in the Second Amended Complaint are barred by the applicable statutes of limitation," but failed to specify the applicable statute of limitations. We conclude the City has not waived the statute of limitations defense on this basis. The City did set out Orr's noncompliance with the requirements of section 945.6 in its answer to Orr's second amended complaint, under the heading "Failure to File a Claim." The City also asserted the defense with the applicable section number in its other responsive pleadings: its amended demurrer, its reply to Orr's opposition to the amended demurrer to First Amended Complaint, its demurrer to Orr's second amended complaint, and its reply to Orr's opposition to demurrer to second amended complaint (along with its motion in limine to exclude all evidence based on the statute of

## Discussion

The dispositive issue in this appeal is whether the filing of a petition to perpetuate testimony or preserve evidence under Code of Civil Procedure section 2035.010 et seq. (formerly Code Civ. Proc., § 2035) constitutes the filing of a "suit" for purposes of satisfying the six-month statute of limitations set forth in section 945.6, subdivision (a)(1), of the Tort Claims Act. We conclude it does not.

Our analysis turns solely on the interpretation of section 945.6, subdivision (a)(1), a question of law which we determine independently. (See *Librers v. Black* (2005) 129 Cal.App.4th 114, 124 [28 Cal.Rptr.3d 188].)

■ Our analysis, then, must begin with the words of section 945.6, subdivision (a)(1). Our objective in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. (*Professional Engineers v. Wilson* (1998) 61 Cal.App.4th 1013, 1019 [72 Cal.Rptr.2d 111].) We turn first to the words of the statute at issue, and give those words their usual and ordinary meaning unless special definitions are provided. (*Id.* at pp. 1019–1020.) If the meaning of the words is clear, then the language controls; if not, we may use various interpretative aids. (*Id.* at p. 1020.)

Section 945.6, subdivision (a)(1), provides in relevant part:

"(a) . . . [A]ny *suit* brought against a public entity on a cause of action for which a claim is required to be presented in accordance with [the Tort Claims Act] must be commenced:

"(1) If written notice is given in accordance with Section 913 [i.e., written notice of claim rejection], not later than six months after the date such notice is personally delivered or deposited in the mail." (§ 945.6, subd. (a)(1), italics added.)

The Government Code does not provide a special definition for the word "suit," so we look to that word's ordinary meaning. The word "suit," in the legal world, is commonly understood to mean "lawsuit." A civil lawsuit is generally commenced by the filing of a complaint, asserted by one party against another, alleging facts sufficient to state a cause of action. (See Code Civ. Proc., §§ 350, 425.10, subd. (a).) As our state Supreme Court has remarked, "[t]he primary attribute of a 'suit,' as that term is *commonly*

limitations). It is evident that only one subdivision of section 945.6 applies to Orr's case—failure to specify the subdivision does not constitute a waiver of the statute of limitations defense here.

understood, is that parties to an action are involved in actual court proceedings initiated by the filing of a complaint." (*Foster-Gardner, Inc. v. National Union Fire Ins. Co.* (1998) 18 Cal.4th 857, 878 [77 Cal.Rptr.2d 107, 959 P.2d 265] (*Foster-Gardner*), original italics.)

Assuming, however, that the meaning of "suit" in section 945.6, subdivision (a)(1), is not entirely clear on its face, we look to interpretive aids for further clarification. Black's Law Dictionary defines "suit" as a "generic term, of comprehensive signification, referring to any proceeding by one person or persons against another or others in a court of justice, in which the plaintiff pursues, in such court, the remedy which the law affords him for the redress of an injury or the enforcement of a right, whether at law or in equity." (Black's Law Dict. (5th ed. 1979) p. 1286, col. 1.) That dictionary also states that the term "suit" has generally been replaced by the term "action." (*Ibid.*) In line with this view, California law generally defines an "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.)

■ Thus, a "suit," for purposes of section 945.6, subdivision (a)(1), is an adversarial proceeding in which one party initiates a proceeding against a public entity to enforce a right or redress an injury.

■ The proceeding initiated by a petition to preserve evidence under Code of Civil Procedure section 2035.010 et seq. does not constitute a "suit" because it is not an adversarial proceeding to enforce a right or redress an injury. Such a petition merely allows the petitioner to obtain discovery for the limited purpose of perpetuating testimony or preserving evidence, "for use in the event an action is subsequently filed." (Code Civ. Proc., § 2035.010, subd. (a), former § 2035, subd. (a).) This petition proceeding requests "the court to enter an order authorizing the petitioner to engage in discovery" (Code. Civ. Proc., § 2035.030, subd. (c), former § 2035, subd. (d)); it is not an adversarial proceeding directed against any other "party." The petition proceeding does not provide the petitioner with any further relief beyond obtaining discovery materials. It does not attempt to redress any injury or enforce any substantive right against another party.

Furthermore, section 945.6, subdivision (a)(1), requires a "suit" to be "*commenced*" no later than six months after written notice of the rejected claim. (Italics added.) A petition to preserve evidence simply does not serve to *commence* a suit. In fact, as evident from the language in Code of Civil Procedure section 2035.010 et seq. (and former § 2035), a petition to preserve evidence may only be employed *prior* to the commencement of a suit. For

example, Code of Civil Procedure section 2035.010, subdivision (a), states, "[o]ne who *expects to be* a party . . . to any action" may file a petition to preserve evidence. (Code Civ. Proc., § 2035.010, subd. (a), italics added; see also Code Civ. Proc., § 2035.030, subd. (a), former § 2035, subds. (a), (c).) Thus, the individual who files a petition to preserve evidence is not *yet* a party to any action, because no action has yet been commenced. Furthermore, a petition to preserve evidence will not lie once a lawsuit is pending and traditional discovery methods are available. (See *New York etc. Co. v. Superior Court* (1938) 30 Cal.App.2d 130, 133 [85 P.2d 965].)

■ Code of Civil Procedure section 2035.010 (and former § 2035) also states that the purpose of the petition is to perpetuate testimony or preserve evidence "for use *in the event* an action is *subsequently* filed." (Code Civ. Proc., § 2035.010, subd. (a), italics added, former § 2035, subd. (a).) Similarly, the statute states that such a petition may not be used to ascertain the possible existence of a cause of action or defense, or for "identifying those who might be made parties *to an action not yet filed.*" (Code Civ. Proc., § 2035.010, subd. (b), italics added, former § 2035, subd. (a).) Thus, from the language of Code of Civil Procedure section 2035.010 et seq. (and former § 2035), a petition to preserve evidence does not indicate that a suit has been commenced but instead allows the petitioner to preserve evidence *in anticipation* of a suit being commenced.

■ The purpose of commencing a "suit" becomes more clear when we analyze section 945.6, subdivision (a)(1), as a part of its statutory scheme, the Tort Claims Act. We are obligated to consider a statute in the context of its entire statutory scheme, in order to achieve harmony among the parts. (*DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) ■ The Tort Claims Act allows injured plaintiffs to bring "suit" against public entities only *after* presenting a timely "claim" to the public entity allegedly responsible for the injury. (§§ 911.2, 945.4, 945.6, subd. (a)(1).) The claims presentation requirement (1) gives the public entity prompt notice of a claim so the claim can be investigated while evidence is fresh and witnesses are available; (2) allows the public entity to settle meritorious claims without litigation; and (3) informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. (*Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 909 [37 Cal.Rptr.3d 777].)

If the public entity finds that the claim lacks merit, the entity will reject the claim. (§ 913.) However, even if a claimant's first avenue of relief is cut off via a rejected claim, the claimant may still pursue a second avenue of relief: a suit against the public entity in state court. (§ 945.6, subd. (a)(1).) Thus, under the statutory scheme of the Tort Claims Act, the administrative form of relief is a "claim"; the legal form of relief is a "suit."

The public entity that rejects a "claim" will not be on notice that the claimant is choosing to exercise his or her right to the second avenue of relief until the claimant (now, plaintiff) files a "suit" (i.e., a complaint) against the public entity. If a complaint is not filed within six months of notice of the rejected claim, the public entity may fairly assume that the claimant has decided not to pursue the second avenue of relief and may deem the matter closed.

In contrast, the filing of a petition to preserve evidence puts the public entity on notice that the petitioner is merely seeking discovery materials. While the petition may indicate that a subsequent suit is *likely*, it does not *guarantee* that a suit will be filed, and it does not serve to actually commence that suit. Thus, a petition to preserve evidence, unlike a suit, does not serve as the legal counterpart to an administrative claim.

■ A form of relief available to late *claimants* within the Tort Claims Act further bolsters our conclusion that the filing of a petition to preserve evidence cannot be equated with the filing (commencement) of a suit. If a claimant fails to present a timely claim, he or she may apply to the public entity for leave to present that claim. (§§ 911.2, 911.4, subd. (a).) If the public entity denies the claimant's application, he or she may petition the court for an order of relief from the claim requirement. (§ 946.6, subd. (a).) This petition for late claim relief must disclose: that an application to present a claim was made to the public entity and was denied; the reason for failing to timely present the claim; and the substantive facts of the claim, as delineated by section 910. (§ 946.6, subd. (b).)

Therefore, a petition for late claim relief is a procedure within the Tort Claims Act that consists of a court-filed pleading that contains all the information that would have been presented in a timely filed claim. However, even if the petitioner successfully asserts such a petition, he or she is *still* required to file "suit" on the cause of action to which the claim relates within 30 days. (§ 946.6, subd. (f).) In other words, notwithstanding that a petition for late claim relief is a Tort Claims Act-based, suit-oriented pleading in court for relief from the administrative claim presentation requirement, if such a petition is granted, the petitioner must still file "suit" within an applicable statute of limitations period. If a petition for late claim relief does not constitute commencement of a "suit," certainly the Civil Discovery Act-based petition to preserve evidence does not. (See §§ 946.6, subd. (f), 945.6, subd. (a); Code Civ. Proc., §§ 2016.010, 2035.010 et seq.) The mere fact that a petition for late claim relief and a petition to preserve evidence are pleadings filed in court does not automatically make such pleadings "suits."

Allowing the filing of a petition to preserve evidence to constitute the filing of a "suit" equates such a petition with a complaint, or other equivalent form

of pleading that formally commences a suit. (See *Foster-Gardner, supra*, 18 Cal.4th at p. 878 ["The primary attribute of a 'suit,' as that term is *commonly* understood, is that parties to an action are involved in actual court proceedings initiated by the filing of a complaint"]; see also Code Civ. Proc., § 350 ["An action is commenced, within the meaning of this Title, when the complaint is filed"]; Code Civ. Proc., § 411.10 ["A civil action is commenced by filing a complaint with the court"].) As we explain, however, there are several differences in substantive structure between a petition to preserve evidence and a complaint.

A petition to preserve evidence merely sets forth the name or description of those whom petitioner expects to be adverse parties, so far as known, but the petition itself is not asserted against any particular "party." (Code Civ. Proc., § 2035.030, subd. (b)(7), former § 2035, subd. (d)(7).) In contrast, a complaint initiates a suit against a particular party, as set out in the required caption on the complaint itself.[4] (Code Civ. Proc., § 422.30.)

A petition to preserve evidence does not require the petitioner to set forth any factual allegations constituting a cause of action. In this respect, the petition merely requires that the following be set forth: the "subject matter of the expected action and the petitioner's involvement"; the "substance of the information expected" to be perpetuated or preserved; and the "reasons for" perpetuation or preservation. (Code Civ. Proc., § 2035.030, subd. (b)(3), (6), (9), former § 2035, subd. (d)(3), (6), (9).) A complaint, by contrast, requires the plaintiff to set forth "[a] statement of the facts constituting the cause of action." (Code Civ. Proc., § 425.10, subd. (a)(1).) Additionally, a complaint under the Tort Claims Act requires facts to be pleaded with particularity, showing every fact essential to the existence of statutory liability as well as the nonexistence of statutory immunity. (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 [221 Cal.Rptr. 840, 710 P.2d 907]; *Keyes v. Santa Clara Valley Water Dist.* (1982) 128 Cal.App.3d 882, 885 [180 Cal.Rptr. 586].)

And a petition to preserve evidence does not envision any prayer for remedy, but a complaint requires one. (Code Civ. Proc., § 425.10, subd. (a)(2).)

---

[4] We note that another California appellate court has held that even an initial *complaint* that (1) did not name the opposing party as a defendant and (2) did not allege any liability against that opposing party, did not satisfy the 30-day statute of limitations period to file a "suit" following a court order relieving the plaintiff from the claims presentation requirement under section 946.6, subdivision (f). (*Ard v. County of Contra Costa* (2001) 93 Cal.App.4th 339, 346 [112 Cal.Rptr.2d 886].)

By its very structure and content, then, a petition to preserve evidence indicates that a suit may be forthcoming but has not yet been commenced. A complaint formally commences a suit. (See Code Civ. Proc., §§ 350, 411.10.)

Quoting *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131, 136 [117 Cal.Rptr. 475] (*Cory*), Orr counters that substance must control over technical form to avoid " 'the kind of legalistic myopia which brings the law into disrepute.' " As we have seen, however, the difference between a petition to preserve evidence and a complaint is not merely one of technical form; it is one of substance.

Comparing Orr's Petition to Preserve Evidence with his First Amended Complaint illustrates this substantive distinction in practical terms. The caption of Orr's Petition to Preserve Evidence listed Paul Orr and his wife, Darla Orr, as "Petitioners," but did not list any opposing parties. The caption of Orr's First Amended Complaint listed Paul Orr and Darla Orr as "Plaintiffs," and named the City of Stockton and Scott Graviette (the police officer) as "Defendants."

Orr's Petition did not allege any facts to state a cause of action beyond the fact that Orr was injured when his car was struck by a police car driven by an on-duty officer in the course and scope of his employment with the City. Orr's Petition did not plead facts with particularity showing every fact essential to the existence of statutory liability as well as the nonexistence of statutory immunity, because such particularity is not required of a petition to preserve evidence. In contrast, Orr's First Amended Complaint did plead facts with particularity and alleged the nonexistence of statutory immunity. The complaint set forth facts of the collision and facts as to how Orr satisfied the claims presentation requirement of the Tort Claims Act. The complaint also identified the statutory grounds for the City's liability: Vehicle Code section 17001 et seq. The complaint further stated that the defendant police officer was not operating the City's police vehicle in an emergency situation at the time of the collision; this related to the nonexistence of statutory immunity.

Orr's Petition did not contain a prayer for relief. His First Amended Complaint, however, prayed for judgment against defendants, including special damages, general damages, costs of suit, prejudgment interest and other allowable interest, and any further relief deemed just and proper.

Orr's Petition to Preserve Evidence stated that the petitioners "expect to be plaintiffs in an action," "are presently unable to bring the action or cause the action to be brought," and "seek to preserve [certain specified] evidence for use in the event an action is subsequently filed." Thus, the language in Orr's own Petition to Preserve Evidence indicated that an action had not yet been

commenced. In contrast, his First Amended Complaint prayed for judgment against defendants, who were specified in the caption. Thus, the complaint expressly indicated that Orr was commencing an adversarial proceeding to enforce a substantive right or redress an injury—a suit.

Orr cites several cases that have held that actions filed before a public entity has rejected a claim are timely for statute of limitations purposes. (*Bell v. Tri-City Hospital Dist.* (1987) 196 Cal.App.3d 438, 443–444 [241 Cal.Rptr. 796]; *Bahten v. County of Merced* (1976) 59 Cal.App.3d 101, 106–107, 112–113 [130 Cal.Rptr. 539] [*Bell* and *Bahten* were disapproved on other grounds in *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243–1244 [13 Cal.Rptr.3d 534, 90 P.3d 116]]; *Cory, supra,* 43 Cal.App.3d at pp. 135–136; *Radar v. Rogers* (1957) 49 Cal.2d 243, 249 [317 P.2d 17].) Orr argues that since a prematurely filed action may satisfy the statute of limitations of section 945.6, a petition to preserve evidence filed before the public entity has rejected a claim should also satisfy this statute of limitations. We disagree. In all of the above cited cases, the prematurely filed actions were commenced by prematurely filed *complaints*. Since we have concluded that a complaint is substantively different from a petition to preserve evidence, we cannot extend the rationale of these cases to a case involving a petition to preserve evidence filed before rejection of a claim.

Orr also looks to several cases where noncompliance with the six-month statute of limitations of section 945.6 did not bar the plaintiff's cause of action. (See *Wheeler v. County of San Bernardino* (1978) 76 Cal.App.3d 841, 848 [143 Cal.Rptr. 295]; *Nicholson-Brown, Inc. v. City of San Jose* (1976) 62 Cal.App.3d 526, 531–532 [133 Cal.Rptr. 159]; *Potstada v. City of Oakland* (1973) 30 Cal.App.3d 1022, 1028 [106 Cal.Rptr. 705]; *Sumrall v. City of Cypress* (1968) 258 Cal.App.2d 565, 566 [65 Cal.Rptr. 755].) However, the defendant in each of these cases was estopped from asserting the statute of limitations defense.

Orr contends the City should be estopped from asserting the statute of limitations defense against him. We disagree. In the trial court, Orr argued for estoppel based essentially on his Petition to Preserve Evidence and on the fact the City responded to that petition and provided him with the requested information, even after it had rejected his claim.

■ The elements of estoppel are: "the party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of the facts; the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice." (*Cal. Cigarette Concessions v. City of L. A.* (1960) 53 Cal.2d 865, 869 [3 Cal.Rptr.

675, 350 P.2d 715].) We find that Orr failed to show, as a matter of law, that he satisfied these elements.

First, Orr made no showing of facts that were known to the City but unknown to him. Orr was not ignorant of the fact that a suit on a cause of action against a public entity must be filed within six months of a rejected claim. He received a written warning, *from the City*, in its December 5, 2002, rejection of his claim that stated: "[Y]ou will have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on your state law claims. See Government Code section 945.6." Further, since Orr's attorney presented a claim to the City on Orr's behalf, that attorney was charged with knowledge of the six-month statute of limitations to file suit following rejection of the claim. (See *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1271 [26 Cal.Rptr.3d 445]; *Dowell v. County of Contra Costa* (1985) 173 Cal.App.3d 896, 901 [219 Cal.Rptr. 341].) Having undertaken to represent Orr's interests, Orr's attorney was obligated to protect Orr's rights.

Second, Orr made no showing that the City made a representation or concealed material facts that Orr relied on to his detriment. The City did not conduct itself in any way that could have led Orr to believe he had satisfied, or did not need to satisfy, the section 945.6, subdivision (a)(1), statute of limitations. On January 14, 2003, pursuant to Orr's Petition to Preserve Evidence, the City sent Orr the information he had requested. Orr asserts that this conduct induced him and his counsel into believing that no further pleadings were necessary. We do not see how. The City was merely complying with a *presuit* discovery request. The City's conduct was not compelled by any suit, since the requested evidence was listed in Orr's Petition to Preserve Evidence prior to the commencement of any suit. The City had no affirmative duty to remind Orr that he had not yet commenced suit. Orr simply has not pleaded or shown any facts to support his contention that the City induced him into believing no further pleadings needed to be filed to commence a suit. In short, Orr attempted to plead and prove estoppel in the trial court, but failed, as a matter of law, to allege facts sufficient to constitute an estoppel claim, even after given leave to amend his complaint.

▇▇▇ In conclusion, the filing of a petition to preserve evidence does not constitute the filing of a "suit" for statute of limitations purposes under section 945.6, subdivision (a)(1), of the Tort Claims Act. Orr failed to file suit within the six-month statute of limitations following notice of his claim's rejection, as required by this statute, and his action is therefore time-barred. (See *Hunter v. County of Los Angeles* (1968) 262 Cal.App.2d 820, 821–822 [69 Cal.Rptr. 288] [the statute of limitations set forth in § 945.6 is not subject to substantial compliance].)

## DISPOSITION

The judgment is reversed. The City is awarded its costs on appeal.

Robie, J., and Cantil-Sakauye, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 18, 2007, S153413.