Filed 9/24/20 Triplett v. Decron Properties Corp. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CRYSTAL TRIPLETT,<br><br>　　Plaintiff, Cross-defendant, and Appellant,<br><br>　　v.<br><br>DECRON PROPERTIES CORP. et al.,<br><br>　　Defendants, Cross-complainants, and Respondents. | B295026<br><br>(Los Angeles County Super. Ct. No. BC664786) |
| CRYSTAL TRIPLETT,<br><br>　　Cross-defendant and Appellant,<br><br>　　v.<br><br>DECRON PROPERTIES CORP. et al.,<br><br>　　Cross-complainants and Respondents. | B299146<br><br>(Los Angeles County Super. Ct. No. BC664786) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Wilson Alarcon, Judge.  Affirmed.

Crystal Triplett, in pro. per., for Plaintiff, Cross-defendant, and Appellant (B295026) and Cross-defendant and Appellant (B299146).

No appearance for Defendants, Cross-complainants, and Respondents (B295026) or Cross-complainants and Respondents (B299146).

_____

This consolidated appeal involves a longstanding landlord-tenant dispute.  The tenant, Crystal Triplett, who is appearing in propria persona, sued for harm she allegedly suffered because of mold infestation in her rented apartment.  The defendant landlord, NK Feliz Enterprises LP, and the defendant management company, Decron Properties Corp. (collectively landlord), cross-complained seeking payment of 10-months' rent and penalties available under the parties' lease.  Landlord also sought costs and attorney fees under a contractual attorney fee provision in the lease.  The trial court granted summary judgment in favor of landlord on the tenant's complaint and the landlord's cross-complaint.  The trial court also awarded landlord $1,586 in attorney fees, an amount significantly lower than the fees landlord sought.

On appeal, tenant's primary challenges are to the trial court's application of a two-year statute of limitations to bar all causes of action in her lawsuit.  Even if tenant could demonstrate the trial court erred in applying a two-year statute of limitations to all her causes of action, tenant does not demonstrate we should reverse the judgment.  Tenant does not

2

address the alternative grounds for summarily adjudicating each of the nine causes of action in the operative complaint.[1] The "failure to address summary adjudication of a claim on appeal constitutes abandonment of that claim." (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.)

With respect to the cross-complaint, tenant contends the operative cross-claim is barred by the doctrine of res judicata. Tenant relies on a stipulation and judgment entered by another trial court in an unlawful detainer lawsuit. The stipulation, however, expressly permits landlord to sue for unpaid rent if tenant sued landlord on claims "result[ing] from this landlord/tenant relationship," as she did. Tenant also argues that the amount of rent she owed was disputed, but her argument cannot be reconciled with her separate statement of undisputed facts in which she identified no *evidence* disputing the amount of rent or penalties landlord was claiming.

We also conclude the record does not support tenant's argument that the trial court was biased against her. Notwithstanding tenant's argument to the contrary, we also conclude that landlord's memorandum of costs and motion for attorney fees were timely. It appears that tenant's argument is based on a mischaracterization of an order granting summary judgment as the judgment itself.

We affirm the judgment, which includes the costs and attorney fees.

---

[1] Triplett asserted claims for breach of habitability, trespass, nuisance, negligence, intentional infliction of emotional distress, intentional misrepresentation, concealment, and false promise.

# BACKGROUND

At the summary judgment stage, the party opposing summary judgment must cite to evidence; he or she cannot rely simply on the allegations in the pleadings. (*Lowery v. Kindred Healthcare Operating, Inc.* (2020) 49 Cal.App.5th 119, 123; *Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 988.) In her separate statement in opposition to summary judgment, tenant relied almost exclusively on the parties' pleadings stating repeatedly: "Not a material fact for the Defendants. No affirmative defense raised here or in Defendants['] Answer to Plaintiff's FAC[;] simply conjecture and/or contains a negative pregnant." Based on the parties' separate statements of undisputed facts, the following facts are either (1) undisputed or (2) ineffectively disputed because even though Triplett purports to dispute them, she cites to no contrary *evidence*.

Triplett and NK Feliz Enterprises LP entered a lease effective July 1, 2011. The leased property was owned by NK Feliz Enterprises LP and managed by Decron Properties Corp. (Decron). Triplett lived in the rented apartment at Los Feliz Village Residential Property from July 1, 2011 through January 8, 2017. The parties' lease required Triplett to pay rent on the first of each month. The lease also required Triplett pay penalties for late payment of rent. Beginning in July 2015, Triplett owed $2,070.42 monthly for rent. The lease contains an attorney fee provision entitling the prevailing party to attorney fees for any action arising out of the lease.

In February 2014, Triplett complained that she was unable to have full use of her apartment because of a leak in the building. By letter dated February 10, 2014, Triplett complained

4

about mold in her lower kitchen cabinet. Triplett claimed that landlord failed to remove the mold.

On March 4, 2014, the parties entered a settlement agreement and release in which Triplett agreed to release all claims related to the February leak in exchange for landlord excusing one month of rent. The settlement agreement provided: "Whereas, a slab leak occurred in the Building on February 2nd, 2014, Tenant claims that she was not able to have full use of the Premises due to multiple vendors working to remedy the leak and the condition of the downstairs area of the Building caused by the water leak. Tenant also stated that the fumes/odors from the moisture intrusion treatments, plumbing work, drywall and paint repairs made the downstairs area of the Building unusable during the duration of the work." (Capitalization omitted.) As part of the agreement, Triplett agreed to release all claims "related to the slab leak itself and all work resulting from said slab leak . . . ."

On April 1, 2016, Triplett stopped paying rent and never paid rent again. Triplett owed $20,704.20 for unpaid rent and $1,242.25 for late charges when she vacated the unit on January 8, 2017.

On July 12, 2016, the California Department of Public Health (Health Department) investigated a complaint Triplett made and found what the inspector suspected was mold in Triplett's apartment. The inspector "[o]bserved water damage and black spots on [the] wall inside [a] kitchen cabinet." On July 15, 2016, landlord retained a consulting company to determine whether there was mold in Triplett's unit. On July 20, 2016, landlord arranged for a contractor to remediate the affected areas in Triplett's apartment. Subsequently, on July 29,

5

2016, the County reported that the violations had been corrected. The County indicated "no further action required." (Capitalization omitted.) Triplett told the inspector that "the Defendants hadn't completely complied [with the] citation notice [and] order."

In August 2016, Triplett again complained to the Housing Department about mold. Landlord inspected the unit and repaired the areas with the suspected further mold growth. On October 7, 2016, landlord sent Triplett notice that they would enter her unit to take air samples in response to her complaint that landlord's remediation was inadequate. Triplett refused to allow landlord entry into her unit to take air samples.

Landlord filed an unlawful detainer action against Triplett on August 18, 2016, resulting in a stipulation and judgment that Triplett would vacate the apartment by January 8, 2017. Under the terms of the stipulation and judgment, landlord received no damages. Triplett's rights under the lease were forfeited, and the unlawful detainer court ordered her to vacate the property by January 8, 2017. Based on the parties' stipulation, the judgment further provided: "If defendant [Triplett] complies and vacates timely plaintiff [NK Feliz Enterprises, LP] shall agree to waive rent due through 01/08/2017[.] Plaintiff reserves the right to account and offset all rent due through 01/08/2017 in the event defendant brings any claims actions or lawsuits resulting from this landlord/tenant relationship."

After Triplett vacated the unit, landlord hired a contractor to conduct air sampling. The air sampling "did not indicate any significantly degraded indoor air quality."

### 1.      Triplett's First Amended Complaint and Answer

Triplett filed a complaint June 12, 2017 and an amended complaint November 1, 2017 against landlord.  In the operative pleading, Triplett asserted causes of action for violation of Civil Code section 1942.4, trespass, nuisance, negligence, intentional infliction of emotional distress, intentional misrepresentation, concealment, and false promise.  Triplett alleged that water damaged her apartment causing mold on walls, inside kitchen cabinets, and on shelves in kitchen cabinets.  Triplett alleged that, as a result of the mold, Triplett "sustained physical injury, emotional distress and property damages . . . ."  Triplett asserted that instead of remediating the mold, Decron painted over it.  Triplett further alleged Decron was negligent in allowing the defective condition to continue "without proper and complete removal."  According to the operative complaint: "Defendants attempted to paint over the toxic mold, and/or hide some of the defective conditions behind paint, particleboard or other rigid materials . . . ."  The trespass cause of action concerned a trespass allegedly occurring on October 27, 2016.  Triplett alleged that Decron or its agents removed her personal property to conceal evidence related to Decron's failure to remediate the mold in Triplett's apartment.

After the trial court overruled their demurrers, landlord answered the complaint.  Among other affirmative defenses, landlord asserted that Triplett's claims were barred by the statute of limitations.

## 2. Landlord's First Amended Cross-Complaint and Answer

Landord filed a cross-complaint against Triplett, asserting causes of action for unpaid rent and late charges totaling $21,946.45. Triplett denied the cross-complaint's allegations and asserted several affirmative defenses.

## 3. Motion for Summary Judgment or Summary Adjudication on Triplett's First Amended Complaint and Opposition Thereto

On August 22, 2018, landlord filed a motion for summary judgment, or in the alternative, summary adjudication of all causes of action in Triplett's first amended complaint. Landlord argued: "This is a personal injury case based on Plaintiff's alleged mold exposure at her apartment where she lived between 2011 and 2017. She claims her landlord and property manager failed to adequately respond to reports of water intrusion and mold growth. [¶] This Court should grant summary judgment because her entire action is time-barred. Plaintiff's verified Complaint alleges water intrusion, mold problems, and wrongful conduct dating back to February 2014. She did not file this action until June 2017, long after the two-year statute of limitation had run." The motion states: "Defendants remediated the July 2016 mold growth promptly upon notification." Landlord contended that the two-year statute of limitations in Code of Civil Procedure section 335.1 governed all Triplett's causes of action. That statute sets forth a two-year limitation period for an action based on an injury to another. (Code Civ. Proc., § 335.1.)

8

In her opposition, Triplett argued that landlord waived the right to assert the statute of limitations because they did not raise it in their answer. Triplett also argued that mold spores were released in her apartment on July 20, 2016 thus removing the case from the two-year statute of limitations.

In addition to the statute of limitations, landlord argued that they were entitled to the summary adjudication of each cause of action for the following additional reasons:

### a.     *Civil Code section 1942.4*

Landlord argued they were entitled to summary adjudication of Triplett's cause of action for violation of Civil Code section 1942.4 because (1) Triplett had no recoverable damages; and (2) landlord complied with the statute. Civil Code section 1942.4 prohibits a landlord from collecting rent if the premises contains conditions that "endangers the life, limb, health, property, safety, or welfare of the public or the occupants of the dwelling." (Civ. Code, § 1942.4, subd. (a)(1).)

In support of its request for summary adjudication, landlord provided evidence that the Health Department inspected Triplett's unit on July 12, 2016 and found water damage. Three days later landlord retained a company to conduct sampling, and five days after that landlord hired a company to remediate the mold. The hired company was certified to perform mold remediation services. Nine days later, on July 29, 2016, the Health Department reported that the violation had been corrected.

In her opposition to summary judgment, Triplett countered that landlord admitted to violating Civil Code section 1942.4 because they did not effectively deny the allegations in their answer. Triplett's only citation in opposition to summary

9

adjudication of the section 1942.4 cause of action were to her first amended complaint and landlord's answer.

### b. *Breach of warranty of habitability, nuisance, and negligence per se*

In their motion for summary adjudication, landlord argued that the cause of action for breach of warranty of habitability failed because (1) Triplett released all claims related to the February 14 water intrusion; and (2) landlord remediated the July 2016 mold growth promptly upon notification. Landlord relies on the above summarized evidence to show that they promptly remediated the 2016 mold intrusion. Similarly, with respect to the causes of action for nuisance and negligence per se, landlord argued that they promptly remediated the mold described in Triplett's additional complaints.

In her opposition, Triplett argued that landlord failed properly to address her allegations and therefore admitted all of them.

### c. *Trespass*

Landlord argued they were entitled to the summary adjudication of Triplett's trespass cause of action because there was no evidence landlord entered Triplett's apartment without her consent or "trespassed to remove or attempt to destroy Plaintiff's property." In its separate statement in support of summary adjudication of Triplett's cause of action for trespass, landlord stated no employee or agent entered Triplett's apartment without her consent and supported this statement with a declaration from Jason Dizon, the community manager for the apartment building where Triplett lived.

In her opposition, Triplett again cited only to her first amended complaint and landlord's answer.

#### d. *Intentional infliction of emotional distress*

Turning to the cause of action for intentional infliction of emotional distress, landlord argued that their conduct was not outrageous as a matter of law.

In her opposition, Triplett argued landlord admitted that they intentionally caused her emotional distress. In addition to referring to the parties' pleadings, Triplett cited to evidence that landlord did not give her the results of a mold test. She cited no legal authority in support of the conclusion that the failure to reveal a mold test would show the existence of a material fact as to whether that conduct was outrageous.

#### e. *Intentional misrepresentation, concealment, false promise*

Finally, with respect to the remaining three causes of action for intentional misrepresentation, concealment, and false promise, landlord argued that they were entitled to summary adjudication because Triplett lacked any evidence of fraudulent conduct. According to landlord, after Triplett vacated the apartment, landlord tested for mold and there were no elevated mold levels in the apartment.

In her opposition, Triplett argued that from July 21, 2016 through January 8, 2017, landlord refused to make the necessary repairs. Triplett cited to no *evidence* to support her argument. In her separate statement, she repeatedly relied on the following statement: "Disputed—Not a material fact. No affirmative defense raised here or in Defendants['] Answer to Plaintiff's FAC[;] simply conjecture and/or contains a negative pregnant."

11

## 4. Landlord's Motion for Summary Judgment on the Cross-Complaint and Opposition Thereto

On August 22, 2018, landlord filed a motion for summary judgment on its cross-complaint. Landlord stated that it "performed each and every required condition under the lease" and that Triplett breached her obligation to pay rent.

Triplett's opposition is not in the record. It appears that in opposing summary judgment, Triplett argued the cross-complaint was barred by the doctrine of res judicata.

## 5. The Trial Court Orders Summary Judgment on Triplett's First Amended Complaint and Landlord's First Amended Complaint

In an order dated December 12, 2018, the trial court granted landlord's motions for summary judgment. With respect to Triplett's lawsuit, the trial court concluded: "Plaintiff[']s verified Complaint alleges water intrusion, mold problems, and wrongful conduct, in February 2014, and the pleading was filed on June 12, 2017, after the two-year statute[ ] of limitation had expired."

With respect to landlord's lawsuit the trial court stated, "The stipulated judgment is not res judicata, in relation to the cross-complaint, because the underlying stipulation expressly reserved the issues. [¶] Where an issue was reserved, it was not encompassed in the judgment, which therefore is not barred by res judicata."

## 6. Landlord's Memorandum of Costs, Triplett's Opposition, and the Court's Award of Costs

After issuing orders granting landlord's motions for summary judgment, landlord moved for an order of costs and attorney fees. On April 9, 2019, landlord filed a memorandum of costs seeking $10,512.76. Triplett filed a motion to strike the memorandum of costs on the ground that it was not timely filed. According to Triplett, the motion for an order of costs was not timely because it was filed more than 15 days after the court entered final judgment. The document Triplett identifies as a judgment is not a judgment, but instead, orders granting both motions for summary judgment.

The trial court denied Triplett's motion to tax costs. The court explained that the motion could not be untimely because judgment had not been entered. Triplett demonstrated no error in the memorandum of costs because she "made no arguments and provided no facts in support of a finding that costs are not reasonable or necessary."

## 7. Landlord's Motion for Attorney Fees, Triplett's Opposition, and the Court's Award of Significantly Reduced Fees

On April 12, 2019, landlord moved for attorney fees incurred in prosecuting their cross-complaint. They sought $84,995.25 in attorney fees and an additional $5,069.80 for bringing the motion for attorney fees. The motion was based on the following attorney fee provision in the parties' lease: "If any action or proceeding is brought by Landlord pertaining to or arising out of this Lease, the prevailing party shall be entitled to recover all costs and expenses, including reasonable attorneys'

fees, incurred on account of such action or proceeding." Landlord calculated the amount by dividing in half the total fees incurred in defending against Triplett's complaint and prosecuting their lawsuit.

Triplett opposed the motion for attorney fees. Triplett argued that the motion for attorney fees was untimely filed. Triplett contended the parties' stipulation in the unlawful detainer action precluded landlord from seeking attorney fees. Triplett also maintained that the number of hours and amounts charged in the motion were unreasonable, and that landlord failed to document their hours adequately.

The trial court awarded landlord only $1,586.79 in attorney fees. The trial court concluded that landlord had failed to support its request for $84,995.25 in fees with sufficient evidence. The court rejected Triplett's argument that the motion was untimely, explaining that the court had not yet entered judgment at the time landlord filed its motion.

## 8. Judgment

On August 13, 2019, the trial court entered judgment on the complaint and cross-complaint. The judgment recites that Triplett was awarded nothing in her lawsuit. The trial court awarded landlord damages in the amount of $21,946.45; $2,920.86 for prejudgment interest; $1,586.79 for attorney fees; and $10,512.76 for costs. In total, Triplett owed landlord $36,966.86 under the judgment.

Triplett filed multiple notices of appeal. This court initially consolidated the first two appeals, both purporting to appeal from an order granting summary judgment. We deem the appeals from the order granting summary judgment on Triplett's lawsuit and the order granting summary judgment on landlord's

14

lawsuit to be from the judgment.  (*Taylor v. Trimble* (2017) 13 Cal.App.5th 934, 939 [court of appeal has "discretion to treat an appeal from an order granting summary judgment as an appeal filed after the entry of judgment"].)  This court later consolidated the latter two appeals with Triplett's appeal from what she describes as a postjudgment order in which Triplett challenges the trial court's award of costs and attorney fees.  As noted above, the trial court awarded costs and attorney fees in a judgment, not a postjudgment order.  We deem Triplett's appeal from the purported postjudgment order to be from the judgment. Thus, all the now consolidated appeals are from the judgment.

## DISCUSSION

### A.    Standard of Review

" 'We review the ruling on a motion for summary judgment de novo, applying the same standard as the trial court.' [Citation.]  'Summary judgment is appropriate only "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." '  [Citation.]  We view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor."  (*Barenborg v. Sigma Alpha Epsilon Fraternity* (2019) 33 Cal.App.5th 70, 76.) "In reviewing an order granting summary adjudication of an issue, we apply the same de novo standard of review that applies to an appeal from an order granting summary judgment." (*Davis v. Kiewit Pacific Co.* (2013) 220 Cal.App.4th 358, 363.)

Although we apply a de novo standard of review, we are not bound by the trial court's reasoning.  (*Horn v. Cushman & Wakefield Western, Inc.* (1999) 72 Cal.App.4th 798, 805.) "We accept as true the facts alleged *in the evidence* of the party

opposing summary judgment and the reasonable inferences that can be drawn from them.  [Citation.]  However, to defeat the motion for summary judgment, the plaintiff must show ' "specific facts," ' and cannot rely upon the allegations of the pleadings." (*Ibid.*, italics added.)  A defendant may satisfy its burden on summary judgment by demonstrating that the plaintiff cannot establish one element of a cause of action.  (*Wall Street Network, Ltd. v. New York Times Co.*, *supra*, 164 Cal.App.4th at p. 1176.) "The defendant need not 'conclusively negate' the element; all that is required is a showing 'that the plaintiff does not possess, and cannot reasonably obtain, needed evidence.' "  (*Ibid*.)

" 'On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.  [Citation.] . . . "[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues.  As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.  In other words, review is limited to issues which have been adequately raised and briefed." [Citation.]'  [Citation.]"  (*Golightly v. Molina* (2014) 229 Cal.App.4th 1501, 1519.)

A self-represented party on appeal " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.  [Citation.]' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  When an appellant fails to raise a point, or fails to support a point with reasoned argument and citations to authority, it is forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

## B.  The Defense of Statute of Limitations Was Sufficiently Alleged in Landlord's Answer

On appeal, Triplett argues landlord failed to allege a statute of limitation defense properly, and therefore could not rely on it in seeking summary judgment.  In their answer to Triplett's first amended complaint, landlord stated:  "Plaintiff's claims are barred by the applicable limitation statutes and statutes of repose, including but not limited to sections 335.1, 337, 337.15, 338, 339, 340.8, and 343 of the California Code of Civil Procedure."

"Generally, a defendant must plead defenses in an answer or demurrer, or risk waiver.  (Code Civ. Proc., § 430.80, subd. (a).)  A defendant waives a statute of limitations defense by failing to plead it in an answer or raise it as a ground of a general demurrer."  (*Brown v. Ralphs Grocery Co*. (2018) 28 Cal.App.5th 824, 842–843.)  Here, landlord timely raised the statute of limitations by asserting it in their answer.  Although it would have been better for landlord to link the specific limitation period to a specific cause of action, alleging the statute of limitations defense and citing specific code section were sufficient.  (See *Orr v. City of Stockton* (2007) 150 Cal.App.4th 622, 628–629, fn. 3.)

Finally, to the extent Triplett is attempting to argue that landlord was required to state the facts supporting the statute of limitations defense, her argument lacks merit.  Code of Civil Procedure section 458 provides:  "In pleading the Statute of Limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of Section ____ (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of The Code of Civil Procedure; and if such allegation be

17

controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred."

## C. Triplett's Challenges to the Court's Application of the Statute of Limitations Do Not Demonstrate Reversible Error

Triplett argues that the trial court erroneously applied the statute of limitations for personal injury claims to bar all her causes of action. Triplett emphasizes that she alleged nine causes of action, not all of which were causes of action for personal injury, and thus the trial court should not have applied the same statute of limitations to all her causes of action. Triplett also contends she alleged that the harm continued on July 20, 2016, when landlord allegedly failed to contain the mold appropriately when they were remediating the mold in her apartment.

For purposes of this appeal, we assume that the trial court erred in applying a singular statute of limitations, as Triplett argues. Triplett, however, fails to demonstrate that the judgment must be reversed because she fails to consider any of the remaining grounds for summarily adjudicating each cause of action. As noted, this court reviews the trial court's judgment, not its rationale. (*Horn v. Cushman & Wakefield Western, Inc.*, *supra*, 72 Cal.App.4th at p. 805.)

By failing to address these other grounds on appeal, Triplett has forfeited the argument that the trial court erred in summarily adjudicating each cause of action. The "failure to address summary adjudication of a claim on appeal constitutes abandonment of that claim." (*Wall Street Network, Ltd. v. New York Times Co.*, *supra*, 164 Cal.App.4th at p. 1177.) Even if the

18

standard of review is de novo, the failure to address an issue constitute abandonment.  (*Ibid*.)

We also observe that as noted in our Background section, in opposing landlord's motion seeking summary judgment or adjudication of the claims in her operative complaint, Triplett relied almost exclusively on the parties' pleadings, purporting to dispute facts merely by stating:  "Not a material fact for the Defendants.  No affirmative defense raised here or in Defendants['] Answer to Plaintiff's FAC[;] simply conjecture and/or contains a negative pregnant."  By failing to cite to evidence, Triplett failed to raise a triable issue of material fact.  Although she alleged that landlord failed to remediate the mold adequately, Triplett did not dispute the key fact demonstrating remediation.  Specifically, Triplett did not cite to any evidence disputing the fact that after she vacated the unit, tests showed that there was no "degraded indoor air quality."  For all of these reasons, Triplett fails to carry her burden on appeal to show that the trial court erred in granting summary judgment.  (*Golightly v. Molina*, *supra*, 229 Cal.App.4th at p. 1519 [appellant has the burden to demonstrate error].)

Finally, Triplett argues that, "summary judgment should not have been granted in favor of the defendants/respondents because the court failed to consider any of the plaintiff/appellant's papers and evidence that raised a triable issue of a material fact."  (Boldface & capitalization omitted.)  Triplett identifies *no* fact that the trial court allegedly ignored.  Triplett identifies *no* disputed material fact supported by evidence that this court should consider in reviewing for error.  She thus fails to demonstrate any error in the judgment in favor of landlord on her first amended complaint or on landlord's first

19

amended cross-complaint. (*Shiver v. Laramee* (2018) 24 Cal.App.5th 395, 400 [" ' "As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. . . ." [Citation.]' "].)

## D. Triplett Fails to Show that She is Entitled to a Judgment in Her Favor as a Matter of Law

Triplett also argues that the trial court should be ordered to award summary judgment in her favor on her first amended complaint. According to Triplett, landlord "admit[ted] to the truthfulness of each and every material fact set forth in the appellant's nine causes of action." Triplett did not file a motion for summary judgment in the trial court and cannot seek summary judgment for the first time in this court. Additionally, the record does not support Triplett's assertion that landlord admitted the allegations in her first amended complaint.

## E. Triplett Demonstrates No Error in the Judgment on Landlord's Cross-Complaint

Triplett challenges the judgment on the cross-complaint on two grounds. First, she argues that the doctrine of res judicata precluded landlord from seeking rent. Second, she asserts that the amount of damages was in dispute. Neither argument has merit.

Turning to Triplett's first argument, Triplett states that landlord contended she failed to pay rent "on October 27, 2016 . . . in their unlawful detainer case." (Underscoring omitted.) Triplett argues because "[t]he cross-complaint alleges the same causes of action, [it] is therefore barred by res judicata."

20

" ' "Res judicata" describes the preclusive effect of a final judgment on the merits.  Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' " (*Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 683.)

Res judicata does not apply here to bar landlord's lawsuit against Triplett.  In the unlawful detainer litigation, the parties' stipulation provided landlord would waive rent if Triplett refrained from filing a lawsuit.  Specifically, the stipulation recites: "If defendant [Triplett] complies and vacates timely plaintiff [NK Feliz Enterprises, LP] shall agree to waive rent due through 01/08/2017[.]  Plaintiff reserves the right to account and offset all rent due through 01/08/2017 in the event defendant brings any claims actions or lawsuits resulting from this landlord/tenant relationship.  [¶ ]  Defendant reserves the right to bring a claim action or lawsuit which may have resulted from this landlord/tenant relationship."  It is undisputed the causes of action in Triplett's complaint arise out of the landlord-tenant relationship.  Triplett filed a lawsuit thus entitling landlord to seek unpaid rent.

Next, Triplett argues because damages on the cross-complaint are disputed, there is a triable issue of material fact barring entry of summary judgment.  Triplett's argument lacks merit because in her separate statement of material fact, she did not provide any evidence contrary to the following facts: (1) On April 1, 2016, Triplett stopped paying rent; (2) Triplett did not pay rent for the next nine months; and (3) Triplett owed $20,704.20 for unpaid rent and $1,242.25 for late charges when she vacated the unit on January 8, 2017.  In short, the

21

undisputed facts supported entry of summary judgment in landlord's favor on it cross-complaint.

## F.     Judicial Bias

Triplett argues that the trial court was biased against her because it failed to articulate its reasons for granting summary judgment.  She also argues the trial court granted summary judgment because it did not want to conduct a trial.  Triplett cites only to pages 301 and 302 of the reporter's transcript, which are not included in the record on appeal.  We have reviewed the entire record and find no support for Triplett's assertion that the trial court was biased against her.  Instead, the record reveals that Triplett did not demonstrate the existence of a triable issue of material fact warranting trial.

## G.     Landlord's Memorandum of Costs and Motion for Attorney Fees Were Timely

On December 12, 2018, the trial court issued an order granting summary judgment.  On August 13, 2019, the trial court issued a judgment.

Triplett argues that landlord's memorandum of costs, filed on April 9, 2019, and motion for attorney fees, filed on April 12, 2019, were untimely because they were not filed within 15 days of the entry of judgment.  Triplett's argument that landlord's memorandum of costs and motion for attorney fees were untimely is based on the incorrect premise that the trial court's order granting summary judgment was equivalent to a judgment.   The record shows that judgment was entered only after the trial court awarded costs and attorney fees.  Triplett's claim of untimeliness is thus not well-founded.

## DISPOSITION

The judgment is affirmed.  Each party shall bear its own costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.

We concur:



CHANEY, J.



SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.